**HARBURG MEDICAL SALES CO., Petitioner**

v.

**BUREAU OF WORKERS' COMPENSATION (EMPLOYERS MUTUAL CASUALTY CO.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 29, 2006.

Decided Nov. 15, 2006.

Patrick M. Donan, Philadelphia, for petitioner.

Marta J. Guhl, Philadelphia, for respondent.

BEFORE: PELLEGRINI, Judge, and FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Harburg Medical Sales Co. (Provider) petitions for review of the June 29, 2006, order of the Department of Labor and Industry (Department), Bureau of Workers' Compensation (Bureau) Fee Review Hearing Officer, which denied and dismissed without prejudice Provider's fee review application (Application). We affirm.

Eric R. Ratner, M.D., diagnosed Denise Heister (Claimant) with work-related chronic lower back pain due to displaced discs and, on November 9, 2004, prescribed "a Tempur–Pedic mattress queen size with frame and foundation" to help with sleep.[1] (R.R. at 9a.) Pursuant to this prescription, Provider supplied Claimant with a "Swedish Sleep System Tempur–Pedic queen size orthopedic mattress, foundation and frame" (Bed) on November 18, 2004. Thereafter, Provider billed Employers Mutual Casualty Co. (Insurer) for the Bed in the amount of $2,499.95.[2] (Hearing Officer's decision at 3.)

On January 11, 2005, Insurer filed a Utilization Review (UR) Request with the Bureau,[3] seeking to review the reasonableness and necessity of the Bed, as prescribed by Dr. Ratner.[4] On the UR Re-

---

1. The record does not reveal the exact nature of Claimant's work-related injury, and it is not relevant to our disposition here.

2. The Hearing Officer found that Provider supplied Insurer with the requisite claim and medical report forms, and that is not at issue here.

3. The Bureau received Insurer's UR Request on January 12, 2005. (R.R. at 11a–12a.)

4. Insurer listed Provider in response to the UR Request's question regarding "Other Treating Providers." (R.R. at 12a.)

quest, Insurer listed December 28, 2004, as the date that it received the bill and medical report for the Bed. (R.R. at 11a–12a.) The Bureau assigned the UR Request to a UR Organization (URO), which determined that the treatment under review was not reasonable or necessary. (R.R. at 17a–18a.) Claimant subsequently challenged the URO's determination by filing a Petition for Review of UR Determination, (R.R. at 15a–16a), which the Bureau assigned to workers' compensation judge (WCJ) Christina Barbieri. (Hearing Officer's decision at 4.)

On January 21, 2005, subsequent to Insurer filing its UR Request, Provider filed its Application with the Bureau pursuant to section 306(f.1)(5) of the Workers' Compensation Act[5] (Act), disputing the timeliness of Insurer's payment for the Bed. In the Application, Provider stated that it submitted the bill and medical records for the Bed to Insurer on November 18, 2004. (Hearing Officer's decision at 4–5, Findings of Fact; R.R. at 1a.) The Bureau determined that Insurer was untimely in its payment/denial of the medical bill for the Bed.[6] Consequently, the Bureau granted Provider's Application, awarding payment for the Bed plus interest. (R.R. at 2a.) Insurer appealed the Bureau's determination, requesting a *de novo* hearing before a hearing officer.

At a March 1, 2006, hearing before the Hearing Officer, Insurer presented a copy of its UR Request, Form LIBC–601, and argued that Provider's Application was premature pursuant to the Bureau's Medical Cost Containment Regulations (Regulations) because Insurer's UR Request was pending when Provider filed its Application. *See* 34 Pa.Code § 127.255(2). Insurer also presented a copy of Claimant's Petition for Review of UR Determination, and Insurer's counsel informed the Hearing Officer that, as of the hearing date, that matter is still pending before WCJ Barbieri. The Hearing Officer agreed that Provider's Application was premature and, consequently, denied and dismissed it without prejudice.

Provider now petitions this court for review of the Hearing Officer's order,[7] arguing that the Hearing Officer erred in dismissing Provider's Application as premature. We disagree.

In a fee review hearing, the insurer bears "the burden of proving by a preponderance of the evidence that it properly reimbursed the provider." 34 Pa.Code § 127.259(f). Under the Act and its Regulations, "[t]he employer or insurer shall make payment ... to providers for treatment provided pursuant to [the Act] ... within thirty (30) days of receipt of such bills and records...." Section 306(f.1)(5) of the Act, 77 P.S. § 531(5); *see also* 34

---

**5.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531(5). That section provides, in relevant part:

> A provider who has submitted the reports and bills required by this section and who disputes the amount or timeliness of the payment from the employer or insurer shall file an application for fee review with the department no more than thirty (30) days following notification of a disputed treatment or ninety (90) days following the original billing date of treatment.

**6.** The Bureau's records indicate that Insurer issued a denial of payment on January 31, 2005. (R.R. at 4a.)

**7.** Our scope of review of the Bureau Hearing Officer's order involving a medical fee review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact were supported by substantial evidence. *Royal Insurance v. Department of Labor and Industry, Bureau of Workers' Compensation* (Spine Center), 728 A.2d 401 (Pa.Cmwlth.1999).

Pa.Code § 127.208(a). However, this thirty day period may be tolled if, *during the thirty day period*, the employer or insurer disputes the reasonableness or necessity of the treatment pursuant to the UR provisions set forth in section 306(f.1)(6) of the Act,[8] and the Bureau's Regulations.[9] 77 P.S. § 531(5); 34 Pa.Code § 127.208(e). This right to suspend payment continues throughout the UR process and, further, "continue[s] beyond the UR process to a proceeding before a[WCJ], unless there is a UR determination made that the treatment is reasonable and necessary." 34 Pa.Code § 127.208(e). Finally, the Regulations provide that the "Bureau will return applications for fee review prematurely filed by providers when ... [t]he insurer has filed a request for utilization review of the treatment under Subchapter C [of the Regulations] (relating to medical treatment review)." 34 Pa.Code § 127.255(2).

Provider acknowledges that the Bureau will return a provider's application for fee review as being prematurely filed when an insurer has filed a UR request. 34 Pa. Code § 127.255(2). However, Provider maintains that this Regulation does not apply where, as here, the UR request was not timely filed. Specifically, Provider maintains that it mailed the bill and related records for the Bed to Insurer on No-

vember 18, 2004, and that Insurer did not file its UR request within thirty days of its receipt of such as required by the Act. Provider reasons that because Insurer's UR Request was untimely, Insurer waived its right to a retrospective UR of the Bed, and Insurer's belated UR Request cannot serve to toll the thirty day payment period by which Insurer had to pay Provider's bill.

Provider makes a cogent argument, but it is one that ultimately fails because, in this case, the Hearing Officer found that Provider failed to establish that it mailed the bill at issue to Insurer on November 18, 2004. Consequently, the Hearing Officer would not presume that Insurer received the bill three days later. *See* 34 Pa.Code § 127.2. Instead, the Hearing Officer credited Insurer's evidence establishing that Insurer did not receive the bill for the Bed until December 28, 2004.[10] Therefore, Insurer's January 11, 2005, UR Request, received by the Bureau on January 12, 2005, was timely.[11] Consequently, because Insurer filed a timely UR Request, and because Insurer's obligation to pay for the Bed has not yet been established, Provider's Application is premature. *See* 34 Pa.Code § 127.255(2).

Accordingly, the Hearing Officer did not err when she dismissed the Application without prejudice, and we affirm.[12]

---

8.  77 P.S. § 531(6).

9.  *See* subchapter C of Chapter 127 of Title 34 of the Pennsylvania Administrative Code, 34 Pa.Code §§ 127.401–127.670 (relating to medical cost containment and medical treatment review).

10.  The Hearing Officer is the fact-finder, and we may not reweigh the evidence. *Laundry Owners Mutual Liability Insurance Association v. Bureau of Workers' Compensation (UPMC Presbyterian and Smolter)*, 853 A.2d 1130 (Pa.Cmwlth.2004).

11.  Additionally, the Hearing Officer found that Provider received a copy of Insurer's UR Request prior to filing its Application and that a Petition for Review of UR Determination had been filed and was still pending. *See Royal Insurance* (holding that a fee review petition could not be dismissed as premature where the evidence failed to establish that the provider received notification that the bills would be subject to UR and that the bills at issue were the subject of pending UR litigation).

12.  Provider raises additional arguments in its brief to this court. However, the sole issue

*ORDER*

AND NOW, this 15th day of November, 2006, the order of the Department of Labor and Industry, Bureau of Workers' Compensation, dated June 29, 2006, is hereby affirmed.

raised by Provider in the Statement of Questions Presented portion of its brief and in its Petition for Review is whether the Hearing Officer erred in dismissing the Application because Insurer did not timely file its UR Request. Because Provider's additional arguments are not comprised within that issue, Provider has waived its right to raise them here. *See* Pa. R.A.P. 1513(d), 2116(a). Finally, we note that Provider can still seek a fee review at the appropriate time. *See* 77 P.S. § 531(5) (stating that the time for filing a fee review application will be tolled if the insurer has the right to suspend payment to the provider due to a dispute regarding the reasonableness and necessity of the treatment); 34 Pa.Code § 127.252(d) (same).