**BUCKS COUNTY COMMUNITY COLLEGE, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (NEMES, JR.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 29, 2006.
Decided Feb. 12, 2007.

Victoria R. Fogel, Blue Bell, for petitioner.

Alfred J. Carlson, Philadelphia, for respondent.

BEFORE: SMITH–RIBNER, Judge, COHN JUBELIRER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Bucks County Community College (Employer) petitions for review of the April 20, 2006 order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) that dismissed Kolmon Nemes, Jr.'s (Claimant) petition for review of the utilization review determination and that set aside the utilization reviewer's determination as invalid. Employer raises one issue for review: whether the Board and the WCJ erred in dismissing Claimant's petition for review and setting aside the utilization review determination when the utilization review report discussed the treatment provided by another physician associated with the same medical practice as the provider identified in Employer's utilization review request form.

On August 17, 2001, Claimant suffered injuries to his neck, low back and right hip during the scope of his employment with Employer, and pursuant to a notice of compensation payable Claimant received indemnity and medical benefits for his work injury. By order of May 13, 2004, the WCJ approved the parties' Compromise and Release Agreement, which resolved the indemnity portion of the claim for a $107,000 lump-sum payment and made Employer liable for reasonable and necessary medical bills related to Claimant's work injury for two years.

Four months later, in September 2004, Employer filed its utilization review request seeking a review of the reasonableness and necessity of all medical treatment provided to Claimant by Daniel Files, D.O. with the following notation: "and all other providers under the same license & spe-

cialty." Reproduced Record, at 2a. Employer's request was assigned to Health Care Dimensions, Inc., a utilization review organization (URO). The URO reviewer, Andrew A. Badulak, D.O., submitted his report November 22, 2004, noting that records from Dr. Files (provider under review) included an October 1, 2001 narrative report transcribed on Bucks Family Medicine stationery and handwritten notes from Dr. Files/Dr. Thomas Mercora dated from July 16, 2004 through October 22, 2004.

Dr. Badulak's report stated that Dr. Mercora conducted a preliminary assessment of Claimant's medical history and condition, diagnosed his condition and recommended a course of therapy. Dr. Badulak reviewed additional records from October 1, 2001 through July 9, 2004 showing that Claimant received the recommended treatment for two to three times per week and reviewed additional records showing that Claimant received percutaneous electrical nerve stimulation, trigger point injections and infrared heat administration to the lumbar region two to three times per week. The reviewer noted that Dr. Mercora prescribed medications and referred Claimant to other providers and that he confirmed by telephone that he provided all of Claimant's care since July 16, 2004. Dr. Badulak determined that Claimant's treatment from that date was reasonable and necessary in part.

Claimant thereafter filed his petition to review the utilization review determination. At the hearing before the WCJ, Employer presented Dr. Badulak's report, and Claimant testified and presented the order approving the Compromise and Release Agreement and Dr. Mercora's report. In Findings of Fact No. 3, the WCJ described in relevant part various statements from Dr. Badulak's utilization review report, including "the purpose of his review, which was stated to be a review of the treatment of Dr. Files, and all providers under the same license and specialty." Also Dr. Badulak stated that in a telephone call to Dr. Mercora, he confirmed that he provided Claimant's medical treatment from July 16, 2004 and beyond. Dr. Badulak opined as to the types of treatment that he considered to be reasonable and necessary. Claimant testified that he sustained a work injury on August 17, 2001, and he described his treatment from Bucks Family Medicine.

The WCJ found that Employer sought utilization review of Dr. Files' treatment and that no evidence was submitted regarding such treatment; therefore, Dr. Badulak's report was invalid "at any level of the utilization review process and shall not have any effect on the underlying right of Claimant to receive reasonable, necessary, and related medical treatment." Findings of Fact No. 6. The WCJ concluded that because Dr. Badulak's report was invalid, neither Claimant nor Employer had any burden to meet and dismissed Claimant's petition for review and set aside the utilization review determination.

Employer appealed to the Board, arguing that the WCJ had erred in finding the utilization review report to be invalid because Dr. Badulak had failed to discuss the treatment provided by Dr. Files. Also Dr. Mercora's treatment was properly reviewed because he was a provider of the same license and specialty as Dr. Files. The Board cited *Topps Chewing Gum v. Workers' Compensation Appeal Board (Wickizer)*, 710 A.2d 1256 (Pa.Cmwlth. 1998), which determined that the employer's burden throughout a utilization review proceeding is to prove that the treatments in question are unnecessary or unreasonable, and it cited Section 306(f.1)(6)(i) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77

P.S. § 531(6)(i),[1] which sets forth procedures for resolving disputes as to reasonableness or necessity of treatment by "a health care provider."

The Board rejected Employer's arguments, emphasizing the words "a health care provider" and indicating that the Bureau of Workers' Compensation utilization review request form specifically provides that the provider under review "must be an individual, not a hospital, corporation or group." Board Opinion, p. 4. Despite an indication on the form by an asterisk that Employer requested review of all other providers under the same license and specialty, the Board concluded that Employer's request was insufficient when the form specifies that only an individual can be reviewed as opposed to a hospital, corporation or group. To allow such requests would cause confusion and would force the URO to review all providers of the same specialty who provided treatment to a claimant if he/she had more than one provider. The Board agreed that the utilization review report was invalid.[2]

Employer argues before this Court that the interpretation of Section 306(f.1)(6) of the Act by the WCJ and the Board is too narrow and that the section should not be construed to prohibit the utilization review of treatment of another physician associated with the same medical practice. Dr. Files and Dr. Mercora are associates in the same medical practice, they both treated Claimant and they specialize in the same area of medicine. Employer claims that it makes sense that utilization review of one doctor's treatment includes review of the other doctor's treatment. Further, it makes sense for the reviewer to discuss generally the type of treatment under review, and when this type of treatment is rendered by a provider not named in the initial request then the reviewer's determination would apply equally to all providers. Because of the Board's narrow interpretation, Employer requests the Court to reverse the Board and to allow a carrier to request utilization review of multiple health care providers in one request form.[3]

1. Section 306(f.1)(6)(i) provides:

(6) Except in those cases in which a workers' compensation judge asks for an opinion from peer review under section 420, disputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions:

(i) The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer. The department shall authorize utilization review organizations to perform utilization review under this act. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review. Organizations not authorized by the department may not engage in such utilization review.

2. The Court's review of the Board's order is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Select Security, Inc. v. Workers' Compensation Appeal Board (Kobrin)*, 901 A.2d 1129 (Pa.Cmwlth.2006).

3. Section 109 of the Act, added by Section 3 of the Act of July 2, 1993, P.L. 190, 77 P.S. § 29, defines "health care provider" as:

[A]ny person, corporation, facility or institution licensed or otherwise authorized by the Commonwealth to provide health care services, including, but not limited to, any physician, coordinated care organization, hospital, health care facility, dentist, nurse, optometrist, podiatrist, physical therapist, psychologist, chiropractor or pharmacist and an officer, employe or agent of such person acting in the course and scope of employment or agency related to health care services.

Claimant correctly points out that the Act was passed as remedial legislation to benefit injured workers and that the Act should be liberally construed in favor of injured workers, citing *Hannaberry HVAC v. Workers' Compensation Appeal Board (Snyder, Jr.)*, 575 Pa. 66, 834 A.2d 524 (2003). Referring to Section 1921 of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1921, he quotes the rule that the object of all statutory interpretation is to ascertain and to give effect to legislative intent and that every statute shall be construed if possible to give effect to all of its provisions. Claimant submits that the WCJ granted appropriate relief because Employer was on notice from Dr. Badulak's report that he failed to review treatment rendered by the provider identified by Employer, which simply could have filed a proper request identifying the doctor who treated Claimant.

The Bureau's regulations provide in relevant part that "the UR determination shall be limited to the treatment that is subject to review by the request." 34 Pa.Code § 127.407(a). The regulations further provide in relevant part that "[e]xcept as specified in subsection (e) [treatment related to anesthesia, incident to surgical procedures, diagnostic tests, prescriptions or durable medical equipment], the provider under review shall be the provider who rendered the treatment or service which is the subject of the UR request." 34 Pa.Code § 127.452(d). Employer identified Daniel Files, D.O., as the provider under review in paragraph 10 titled "Provider Under Review"; and it added the notation "and all other providers under the same license and specialty" although the form specifies that the provider must be an individual and not a hospital, corporation or group.

Dr. Badulak's report discussed and focused upon treatment rendered by Dr. Mercora, not by Dr. Files. While there is no question that a health care provider may be any "person, corporation, facility or institution licensed or otherwise authorized . . . to provide health care services," *see* Section 109 of the Act, the fact remains that the burden throughout the utilization proceedings is on Employer to prove that the challenged treatment rendered by the provider it sought to review (Dr. Files) was unreasonable and unnecessary. *Topps Chewing Gum.* Because the WCJ found no evidence presented as to the treatment rendered by Dr. Files, nor any opinion by the reviewer as to the reasonableness or necessity of Dr. Files' treatment, the WCJ did not err in finding the reviewer's report to be invalid.

Moreover, Section 127.452(d) of the Bureau's regulations provides that "except as specified in subsection (e), *the provider under review* shall be the provider who rendered the treatment or service which is the subject of the UR request." (Emphasis added.) This language is unambiguous, and legislative amendment is necessary for the Court to rule as Employer suggests, i.e., to allow a UR review of one provider's treatment to include a review of treatment rendered by all of the claimant's providers regardless of which provider was identified by Employer in its utilization review request form. In construing statutes, courts must follow the rule repeated in *Hannaberry* that the object of statutory interpretation is to ascertain and effectuate legislative intent. *Sternlicht v. Sternlicht*, 583 Pa. 149, 876 A.2d 904 (2005). The Court concludes that the Board properly interpreted Section 306(f.1) of the Act and that its order must therefore be affirmed.

## *O R D E R*

AND NOW, this 12th day of February, 2007, the Court affirms the order of the Workers' Compensation Appeal Board.