# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Workers' Compensation Security : 
Fund, : 
        Petitioner : 
  : 
     v. : No. 429 C.D. 2018
  : SUBMITTED: August 3, 2018
Bureau of Workers' Compensation, : 
Fee Review Hearing Office (Scomed : 
Supply, Inc.), : 
        Respondent : 


BEFORE:  HONORABLE ANNE E. COVEY, Judge
       HONORABLE MICHAEL H. WOJCIK, Judge
       HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION BY**
**SENIOR JUDGE LEADBETTER**       **FILED: October 5, 2018**


    The Workers' Compensation Security Fund (Insurer) appeals from the order of the Bureau of Workers Compensation, Fee Review Hearing Office (Bureau) awarding payment to Scomed Supply, Inc. (Provider) for medical supplies provided to Tammy Hudson (Claimant). We affirm.

    The facts, set forth in the Hearing Officer's decision, are not in dispute. Claimant uses a medically-prescribed neuromuscular electrical stimulation (NMES) device. Provider dispensed supplies for Claimant's NMES device, pursuant to a prescription by Claimant's doctor. Provider dispensed, among other supplies, two replacement lead wires on a bimonthly basis four times to Claimant from December 23, 2016 to June 23, 2017 and billed Insurer on the same basis. Insurer denied payment for the lead wires, stating that Provider was only entitled to payment for lead wires annually.

After denial by Insurer, Provider filed applications for fee review for the amount and timeliness of payment.[1] Insurer denied the applications and Provider appealed to the Medical Fee Review Hearing Office. Insurer presented evidence in the form of a Medicare Advantage Policy statement to the effect that lead wires more often than yearly would "rarely" be medically necessary (Reproduced Record at 125a). The Hearing Officer awarded payment for the four sets of lead wires, holding as follows:

> The evidence offered suggests that replacement of lead wires may not be filled more often than once every 12 months, unless documentation exists to demonstrate that replacement more often than once every 12 months is medically necessary. The scope of the Fee Review arena is limited to timeliness of payment and amount of payment. The medical necessity and reasonableness of treatment is determined through the Utilization Review Process. Therefore, the Fee Review arena lacks the jurisdiction to determine the reasonableness and necessity of treatment. Case law has established that it is the employer and its insurer that bear the burden of proof in a Utilization Review proceeding. As such, Provider does not bear the burden of proving lead wires dispensed more often than annually are medically necessary in order to be paid for the lead wires. Accordingly, in the absence of a Utilization Review Determination that replacement lead wires are medically necessary only once every twelve months, the lead wires are payable in their entirety.

(Hearing Officer's Conclusion of Law at No. 7).

Insurer filed a petition for review with this Court.[2] Insurer argues that the payment for lead wires supplied more often than annually is contrary to Medicare

---

[1] Initially, more appeals were filed and more codes were at issue, but the only items still in dispute are the lead wires.

[2] This Court's review of a decision by a Bureau fee review hearing officer is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, and whether the hearing officer committed an error of law. 2

2

policy, which the Insurer states preempts the issue of reasonableness and/or necessity, which in turn removes that issue from the arena of utilization review and puts it into the arena of medical fee review (Insurer's Brief at 10-11). This suggested preemption of the utilization review process is a novel argument, but not a winning one.

To begin, Section 306(f.1)(3)(1) of the Workers' Compensation Act (Act),[3] cited by Insurer as authority for the application of Medicare billing policy to workers' compensation billing, limits rates of reimbursement but does nothing to preempt determinations of reasonableness and necessity of treatment under the utilization review process. 77 P.S. § 531(3)(1). Further, the Act and regulations have not "removed" the issue of reasonableness and necessity from the utilization review process, which is not available to Provider. Section 306(f.1)(6)(i) specifically provides in relevant part as follows:

> The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review *at the request of an employe, employer or insurer*.

77 P.S. § 531(6)(i) (emphasis supplied). Thus, between the parties, the remedy of seeking utilization review belongs to Insurer, and not Provider. Insurer, acknowledging the unavailability of the utilization review process to Provider, suggests that Provider "could have asked the Claimant to file a prospective utilization review" before dispensing the lead wires (Insurer's Brief at 12). However, this ignores that in this case it is Insurer, and not Provider or Claimant,

---

Pa. C.S. §704; *Walsh v. Bureau of Workers' Comp. Fee Review Hearing Office (Traveler's Ins. Co.)*, 67 A.3d 117, 120 n.5 (Pa. Cmwlth. 2013). Based on the issue raised, the scope of our review is limited to determining whether there was an error of law, a question over which we exercise plenary review.

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(3)(i).

who is challenging the reasonableness and necessity of the lead wire supply schedule.

The fee review process for Provider to dispute the amount and timeliness of payment is set forth by Section 306(f.1)(5) of the Act, 77 P.S. § 531(5), which is tolled if the insurer disputes the reasonableness and necessity of the treatment under the utilization review process. *Id.* The fee review process "presupposes that liability has been established," *Nickel v. Worker's Compensation Appeal Board (Agway Agronomy)*, 959 A.2d 498, 503 (Pa. Cmwlth. 2008), and is "not designed to encompass … an inquiry into the insurer's reasons for denying liability," *Crozer Chester Medical Center v. Department of Labor and Industry, Bureau of Workers' Compensation*, 22 A.3d 189, 197 n.8 (Pa. 2011).

Insurer argues that the Hearing Officer's conclusion that she lacked jurisdiction to determine reasonableness and necessity required that she dismiss the applications for fee review, citing *Selective Insurance Company of America v. Bureau of Workers' Compensation Fee Review Hearing Office (Physical Therapy Institute)*, 86 A.3d 300 (Pa. Cmwlth. 2014). However, *Selective Insurance* involved the unrelated issue of whether a physical therapy facility was a "provider" (i.e., "whether [it] had provided therapy treatment") for purposes of filing a fee review petition, which this Court ruled must be determined by a workers' compensation judge; reasonableness and necessity were not at issue. *See id.* at 304-05. In the instant case, Insurer's remedy would have been through the utilization review process, not as a defense in the fee review process.

For the above reasons, we affirm.

 

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Workers' Compensation Security : 
Fund, : 
               Petitioner : 
            : 
          v. :   No. 429 C.D. 2018
            : 
Bureau of Workers' Compensation, : 
Fee Review Hearing Office (Scomed : 
Supply, Inc.), : 
            Respondent : 

# **O R D E R**

AND NOW, this 5th day of October, 2018, the order of the Bureau of Workers' Compensation, Fee Review Hearing Office is **AFFIRMED**.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge