IN THE COMMONWEALTH COURT OF PENNSYLVANIA

State Workers' Insurance Fund,  :
            :
       Petitioner  :
            :
      v.     : No. 36 C.D. 2018
            : Argued: November 15, 2018
Bureau of Workers' Compensation :
Fee Review Hearing Office   :
(Harburg Medical Sales Co., Inc. :
and Sofia Lam, MD),     :
            :
      Respondents :


BEFORE: HONORABLE P. KEVIN BROBSON, Judge
     HONORABLE MICHAEL H. WOJCIK, Judge
     HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK     FILED: August 19, 2019


   State Workers' Insurance Fund (Insurer) petitions for review of the December 8, 2017 order of a Bureau of Workers' Compensation (Bureau), Fee Review Hearing Officer ordering Insurer to reimburse Harburg Medical Sales Company, Inc. (Provider) the amount of $5,599.96 for an electric scooter provided to Lila Deans (Claimant).[1] For the following reasons, we affirm.

---

[1] The fee review process is initiated upon a provider's filing of an application and supporting documents with the Bureau within 30 days following notification of a disputed treatment or 90 days following the original billing date of the treatment, whichever is later. 34 Pa. Code §127.252. After the provider files the required documentation, the Bureau investigates the matter and then renders an administrative decision within 30 days of receipt of the required documentation. 34 Pa. Code §127.255. A provider or insurer may contest an adverse

The relevant facts are not in dispute. On March 7, 2016, Provider submitted a bill to Insurer on an HCFA-1500 form seeking payment of $6,995.95 for an electric scooter dispensed to Claimant on March 4, 2016. Finding of Fact (F.F.) No. 2. Box 19 of that form listed both "S. Lam, M.D." and "Dr. H. Abdel" as the referring physicians. Reproduced Record (R.R.) at 23a; F.F. No. 2. On March 22, 2016, Insurer notified Provider that the unpaid bill for the electric scooter was being returned because a utilization review (UR) request had been filed with the Bureau and remained pending.[2] R.R. at 115a; F.F. No. 3. A UR determination was issued on May 13, 2016, with respect to the treatment of Dr. Lam, which found the prescription for an electric scooter from February 19, 2016, and ongoing to be unreasonable and unnecessary.[3] F.F. No. 9.

On May 20, 2016, before receiving an official denial from Insurer, Provider filed an application for fee review[4] pursuant to Section 306(f.1) of the

---

administrative decision by filing an appeal with the Bureau. 34 Pa. Code. §127.257. A hearing officer holds a *de novo* hearing and then issues a written decision and order that can be appealed to this Court. 34 Pa. Code §127.260.

[2] The Bureau will return applications for fee review filed by providers if the insurer has filed a request for UR of the treatment. 34 Pa. Code §126.555; *Harburg Medical Sales Co. v. Bureau of Workers' Compensation (Employers Mutual Casualty Co.)*, 911 A.2d 214, 217 (Pa. Cmwlth. 2006). In a proceeding before a hearing officer, the insurer has the burden of proving the existence of those circumstances. *Id.* at 216.

[3] The reviewer, Michael Drass, M.D., noted that he spoke with Dr. Lam on May 5, 2016. During that conversation, Dr. Lam reported that she did not approve the prescription order form, which was completed and rubber-stamped with her signature by a member of her office staff at the request of Joan Harburg. Ms. Harburg is a part owner of Provider. F.F. Nos. 9, 11.

[4] Medical Fee Review Application Number MF-506018, R.R. at 27a.

2

Workers' Compensation Act (Act).[5] While the fee review application was pending, Insurer notified Provider that the unpaid bill for the electric scooter was being

_____

[5] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §531. In relevant part, Section 306(f.1) of the Act provides as follows:

> (2) Any provider who treats an injured employe shall be required to file periodic reports with the employer on a form prescribed by the department which shall include, where pertinent, history, diagnosis, treatment, prognosis and physical findings. The report shall be filed within ten (10) days of commencing treatment and at least once a month thereafter as long as treatment continues. The employer shall not be liable to pay for such treatment until a report has been filed.
>
> *   *   *
>
> (5) The employer or insurer shall make payment and providers shall submit bills and records in accordance with the provisions of this section. All payments to providers for treatment provided pursuant to this act shall be made within thirty (30) days of receipt of such bills and records unless the employer or insurer disputes the reasonableness or necessity of the treatment provided pursuant to paragraph (6). The nonpayment to providers within thirty (30) days for treatment for which a bill and records have been submitted shall only apply to that particular treatment or portion thereof in dispute; payment must be made timely for any treatment or portion thereof not in dispute. A provider who has submitted the reports and bills required by this section and who disputes the amount or timeliness of the payment from the employer or insurer shall file an application for fee review with the department no more than thirty (30) days following notification of a disputed treatment or ninety (90) days following the original billing date of treatment. If the insurer disputes the reasonableness and necessity of the treatment pursuant to paragraph (6), the period for filing an application for fee review shall be tolled as long as the insurer has the right to suspend payment to the provider pursuant to the provisions of this paragraph. Within thirty (30) days of the filing of such an application, the department shall render an administrative decision.

77 P.S. §531(2), (5).

returned based on the May 13, 2016 UR determination that the treatment was not reasonable and not necessary. R.R. at 127a.

Thereafter, on August 8, 2016, the Bureau's Medical Fee Review Section circulated an administrative determination concluding that Provider was not due payment for the electric scooter, because this "service [had] not been properly billed."[6] R.R. at 32a; F.F. No. 5. Provider filed a request for a hearing with the Medical Fee Review Hearing Office and the matter was assigned to a Workers' Compensation Judge (WCJ) Hearing Officer for hearing and disposition. F.F. No. 6.

---

[6] Section 127.203 of the Department's cost containment regulations provides as follows:

> (a) Providers who treat injured employes are required to submit periodic medical reports to the employer, commencing 10 days after treatment begins and at least once a month thereafter as long as treatment continues. If the employer is covered by an insurer, the provider shall submit the report to the insurer.

> (b) Medical reports are not required to be submitted in months during which treatment has not been rendered.

> (c) The medical reports required by subsection (a) shall be submitted on a form prescribed by the Bureau for that purpose. The form shall require the provider to supply, when pertinent, information on the claimant's history, the diagnosis, a description of the treatment and services rendered, the physical findings and the prognosis, including whether or not there has been recovery enabling the claimant to return to pre-injury work without limitations. Providers shall supply only the information applicable to the treatment or services rendered.

> (d) If a provider does not submit the required medical reports on the prescribed form, the insurer is not obligated to pay for the treatment covered by the report until the required report is received by the insurer.

34 Pa. Code §127.203.

Insurer submitted medical records from Dr. Abdel and copies of the UR and fee review determinations. Insurer also presented a sworn affidavit of Erin Tansley, a management technician assigned by Insurer to handle this fee review matter. F.F. No. 10. She noted that Insurer received the bill and a November 22, 2015 prescription from Dr. Abdel, but Insurer did not receive any documentation from Dr. Abdel addressing the reasonableness or necessity of the treatment or the causal relationship between the work injury and the electric scooter. According to Tansley, in the absence of such records, a utilization review of Dr. Abdel's treatment was not ripe. Tansley also stated that Insurer contested liability for the electric scooter, because the same was found unreasonable and unnecessary by the May 13, 2016 UR determination. R.R. at 87a.

At the conclusion of the hearing, Insurer argued that the treatment was not properly billed because Provider did not submit any medical records from Dr. Abdel along with the bill. Insurer also contested liability for the treatment based on the May 13, 2016 UR determination. Although Insurer acknowledged that the UR determination addressed treatment of Dr. Lam, and not Dr. Abdel, Insurer argued that the exact same treatment that previously was determined to be unreasonable and unnecessary was at issue in this proceeding.

Provider submitted a May 5, 2017 affidavit of Joan Harburg, stating in part:

> [Provider] dispensed a motorized scooter to [Claimant] for her work injury on prescription from Dr. Hany Abdel dated 11/22/2015. [Insurer] was billed along with the required LIBC-9 form and a copy of the prescription. [Insurer] sent an [explanation of benefits] denying payment due to a Utilization Review on Dr. Lam. Dr. Lam did not prescribe this device. To my knowledge there is no Utilization Review on Dr. Abdel. . . .

5

R.R. at 125a. Harburg also noted that Insurer had not denied payment of the bill on the ground that it was unrelated to the work injury.

Provider asserted that the motorized scooter was properly billed to Insurer with the requisite HCFA-1500 form, LIBC-9 form, and prescription. Provider also argued that causation is not an issue in a fee review proceeding. Additionally, Provider noted that the scooter was dispensed on a prescription by Dr. Abdel and that the UR determinations cited by Insurer concerned a scooter prescribed by Dr. Lam. Citing *Bucks County Community College v. Workers' Compensation Appeal Board (Nemes, Jr.)*, 918 A.2d 150 (Pa. Cmwlth. 2007), Provider emphasized that UR determinations are provider-specific and do not apply to physicians not reviewed.

In her December 8, 2017 decision, the Hearing Officer credited Tansley's statement that a May 13, 2016 UR determination found that an electric scooter was unreasonable and unnecessary from February 9, 2016, and ongoing. However, the Hearing Officer noted that the UR determination specifically addressed treatment and care rendered by Dr. Lam, and not Dr. Abdel. The Hearing Officer rejected Tansley's statement that Insurer was not liable for the electric scooter prescribed by Dr. Abdel based on the UR determination.

The Hearing Officer credited Harburg's statement in its entirety. The Hearing Officer stated that Provider, a durable medical equipment company, would not have had access to Dr. Abdel's medical records, treatment notes, etc., and concluded that Provider submitted all of the billing forms and medical reports required under the law. Specifically, the Hearing Officer found that Provider complied with 34 Pa. Code §127.203 and Section 306(f.1)(2) of the Act by submitting the LIBC-9 form, the HCFA-1500 form, and the November 22, 2015

6

prescription of Dr. Abdel for a motorized scooter. Therefore, the Hearing Officer rejected the administrative determination that Insurer owed Provider $0 for the electric scooter because it was not properly billed.

The Hearing Officer referenced the UR report relaying Dr. Lam's statement that Provider called Dr. Lam's office and requested prescriptions for durable medical equipment and that one of her employees rubber-stamped such prescriptions, but the Hearing Officer recognized that the scope of a fee review hearing is limited to the timeliness and/or amount of payment. The Hearing Officer further noted that the only prescription offered into the record was the prescription of Dr. Abdel. The Hearing Officer observed that utilization reviews are provider specific, and for that reason, the Hearing Officer granted Provider's request and ordered Insurer to pay Provider $5,599.96 plus interest.[7] F.F. No. 13g.

On appeal to this Court,[8] Insurer first argues that the Hearing Officer erred in finding that Provider complied with the requirements of Section 306(f.1) of the Act and 34 Pa. Code §127.203, when neither Provider nor Dr. Abdel submitted medical records concerning Dr. Abdel's treatment. In support, Insurer notes that the LIBC-9 form recommends that durable medical equipment providers submit a certificate of medical necessity. Insurer contends that without the documentation necessary to determine the causal relationship between the scooter and the work

---

[7] The amount represents 80% of the charge billed. *See* 34 Pa. Code §127.102, providing that, if a Medicare payment mechanism does not exist for a particular product, the amount of payment to the provider shall be either 80% of the usual and customary charge for that product in the geographic area where rendered, or the actual charge, whichever is lower.

[8] Our scope of review of a hearing officer's order involving a medical fee review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *City of Philadelphia v. Medical Fee Review Office (RJS Industries)*, 737 A.2d 356, 358 n.9 (Pa. Cmwlth. 1999).

injury, liability remains at issue, and, consequently, the Hearing Officer should have dismissed Provider's hearing request for lack of jurisdiction.

However, as Insurer acknowledges, the submission of a certificate of necessity is a recommendation, not a requirement under the Act or Bureau regulations. The Hearing Officer did not err in concluding that Provider submitted all of the documentation required under the law.

Moreover, if Insurer believed that the treatment was not causally related to Claimant's work injury, it could have filed a petition to review medical treatment. *See Rogele, Inc. v. Workers' Compensation Appeal Board (Hall)*, 198 A.3d 1195, 1200 (Pa. Cmwlth. 2018). In that case, we explained:

> [A]n employer is only liable to pay for a claimant's medical expenses that arise from and are caused by a work-related injury. . . . Although the burden is initially on the claimant to establish that the injury is work-related, once the employer acknowledges liability for the injury, the claimant is not required to continually establish that medical treatment of that compensable injury is causally related because the injury for which the claimant is treating has already been established. . . . Accordingly, thereafter, the employer has the burden of proving that a medical expense is unreasonable, unnecessary, or is not related to the accepted work injury.

*Id.* (quotations and citations omitted). We further explained that a petition to review medical treatment, filed directly with a WCJ, is the appropriate method to challenge the causal connection between medical treatment and the work injury. *Id.*; *Mercy Douglas Corp. v. Workers' Compensation Appeal Board (Davis)*, 713 A.2d 722, 725 (Pa. Cmwlth. 1998); *Bloom v. Workmen's Compensation Appeal Board (Keystone Pretzel Bakery)*, 677 A.2d 1314, 1318 (Pa. Cmwlth. 1996).

8

Insurer next argues that the Hearing Officer erred in concluding that Insurer should have incurred the expense of obtaining utilization review for the treatment at issue. Insurer also contends that utilization review would have been premature in this instance because, in the absence of documentation establishing a relationship between the scooter and the work injury, causation and liability remained at issue.

However, Insurer's challenge to the reasonableness and necessity of Dr. Abdel's treatment is not properly raised as a defense in the fee review process. *Workers' Compensation Security Fund v. Bureau of Workers' Compensation Fee Review Hearing Office (Scomed Supply, Inc.)*, 195 A.3d 332, 334 (Pa. Cmwlth. 2018). The fee review process is intended to resolve disputes concerning the *amount or timeliness of payment* for bills submitted by a provider. Section 306(f.1)(5) of the Act, 77 P.S. §531(5). The process is tolled if the insurer challenges the reasonableness and necessity of treatment through the UR process, and it presupposes that liability has been established. 195 A.3d at 334. Simply, the fee review process "is not designed to encompass . . . an inquiry into the insurer's reasons for denying liability." *Id.*

The UR process is the sole means for determining if treatment is reasonable and necessary, *Zuver v. Workers' Compensation Appeal Board (Browning Ferris Industries of PA, Inc.)*, 755 A.2d 112, 114 (Pa. Cmwlth. 2000), and it is well settled that a UR request is provider-specific. Section 306(f.1)(6) of the Act, 77 P.S. §531(6); *MV Transportation v. Workers' Compensation Appeal Board (Harrington)*, 990 A.2d 118 (Pa. Cmwlth. 2010);[9] *Schenck v. Workers'*

---

[9] In *MV Transportation*, the employer filed a UR request seeking review of the claimant's physical therapy treatment rendered by Frank Shenko, LPT, and all passive and active physical

*Compensation Appeal Board (Ford Electronics)*, 937 A.2d 1156 (Pa. Cmwlth. 2007);[10] *Bucks County*.[11] The Hearing Officer correctly concluded that Insurer's

---

therapy rendered by all providers at the same or different locations than Shenko. The UR reviewer determined that the physical therapy treatment provided by Shenko was not reasonable and necessary, that the UR was limited to the treatment provided by Shenko, and that any other provider's treatment would not be considered because the employer did not properly request UR of any other provider. The WCJ upheld the UR determination and the Board affirmed.

On appeal to this Court, the employer argued that it should not have to file a separate UR request for each physical therapist operating under the supervision of one physician. Upon review, we determined that the Board erred by relying upon *Bucks County* and *Schenck* in affirming the WCJ's decision because those cases dealt with treatment rendered by physicians, not physical therapists. We concluded that, unlike physicians, physical therapists do not have the power to act independently, but must act under a physician's supervision. Thus, we held that an employer seeking UR of a claimant's entire course of physical therapy that is prescribed by one physician must name the physician prescribing physical therapy and the facility where the claimant receives that therapy. *MV Transportation*, 990 A.2d at 122.

[10] In *Schenck*, the claimant originally received treatment for a work-related injury from Dr. Dennis Zaslow, an orthopedic surgeon, from 1994 to 1997. Dr. Zaslow's treatment was later deemed to be unreasonable and unnecessary. Seven years later, the claimant returned to the same medical office and received pain medication from Dr. Lance Yarus because Dr. Zaslow was no longer located there. The employer refused to pay the medical bills incurred as a result of the claimant's treatment with Dr. Yarus because a prior UR determined that similar treatment rendered by Dr. Zaslow was unreasonable and unnecessary. Relying on *Bucks County,* we agreed with the claimant that a UR determination is specific to the provider whose treatment was reviewed. Thus, we held that "an employer may not rely [upon] a UR determination [regarding] the reasonableness and necessity of treatment rendered by a specific provider to justify nonpayment of medical bills for similar treatment rendered by a different provider." *Schenck*, 937 A.2d at 1157.

[11] In *Bucks County*, the employer filed a UR request seeking review of treatment rendered by Daniel Files, D.O., "and all other providers under the same license & specialty." 918 A.2d at 151. However, the UR reviewer stated in his report that he reviewed the treatment provided by Dr. Thomas Mercora, a physician associated with Dr. Files' medical practice. Because the UR sought review of Dr. Files' treatment, and no evidence was submitted regarding such treatment, the WCJ found that the UR report was invalid and the Board agreed. On appeal to this Court, the employer argued that an employer/carrier should be permitted to request a UR of multiple health care providers in one request form. Thus, the issue before this Court was whether a UR report is valid where the report discusses the treatment provided by a physician not identified in the UR request form but associated with the same medical practice as the identified provider. We

10

challenge to the reasonableness and necessity of Dr. Abdel's treatment must be brought through a UR proceeding that specifically addresses Dr. Abdel's treatment.

In sum, Insurer had alternative remedies that it chose not to pursue. Insurer did not question the reasonableness and necessity of *Dr. Abdel's* treatment by filing for utilization review of his treatment, nor did it challenge the causal relationship of the treatment to the work injury by filing a petition to review medical treatment. The matter before us involves the fee review process, which is intended to resolve disputes concerning the amount or timeliness of payment. We discern no error in the Hearing Officer's decision.

Accordingly, we affirm.[12]

_____
MICHAEL H. WOJCIK, Judge

---

concluded that the language of 34 Pa. Code §127.452(d), stating that "*the provider under review shall be the provider who rendered the treatment,*" was unambiguous and that legislative amendment was necessary to permit a UR review of all of a claimant's providers "regardless of which provider was identified by [the] [e]mployer," and we affirmed the Board's order. *Bucks County*, 918 A.2d at 154 (emphasis in original).

[12] Insurer raises two additional arguments on appeal, that (1) the Hearing Officer's finding that the scooter was dispensed on March 4, 2016 is not supported by substantial evidence, and (2) the Hearing Officer erred in failing to consider Provider's allegedly improper conduct. The first issue is irrelevant to our analysis, and the second is not properly raised in the course of a fee dispute proceeding.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

State Workers' Insurance Fund,     :
                                    :
                    Petitioner    :
                                    :
                    v.         :  No. 36 C.D. 2018
                                    :
Bureau of Workers' Compensation  :
Fee Review Hearing Office         :
(Harburg Medical Sales Co., Inc.   :
and Sofia Lam, MD),          :
                                    :
                  Respondents  :

O R D E R

AND NOW, this 19th day of August, 2019, the order of the Bureau of Workers' Compensation, Fee Review Hearing Office is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge