**Ann SCHENCK, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (FORD ELECTRONICS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 28, 2007.
Decided Dec. 5, 2007.

Patrick M. Donan, Philadelphia, for petitioner.

Martin J. Fallon, Jr., Philadelphia, for respondent.

BEFORE: SMITH–RIBNER, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

In this workers' compensation appeal, Ann Schenck (Claimant) asks whether the Workers' Compensation Appeal Board (Board) erred in affirming the decision of a Worker's Compensation Judge (WCJ) that denied her penalty petition. The primary issue is whether an employer may refuse payment of medical bills based on a prior utilization review (UR) determination that similar treatment rendered by a different provider was unreasonable and unnecessary. Based on our recent decision in *Bucks County Community College v. Workers Compensation Appeal Board (Nemes, Jr.)*, 918 A.2d 150 (Pa.Cmwlth. 2007), we conclude an employer may not rely on a UR determination concerning the reasonableness and necessity of treatment rendered by a specific provider to justify nonpayment of medical bills for similar treatment rendered by a different provider. Thus, we vacate and remand for a determination of penalties.

In April 1985, Claimant sustained an injury while working for Ford Electronics (Employer). Employer issued a notice of compensation payable, describing the injury as tenosynovitis. Employer paid indemnity benefits until Claimant commuted these benefits with the Board in August 1997. In a stipulation regarding the commutation, the parties agreed Employer remained responsible for "reasonable, necessary and fair medical expenses" related to Claimant's 1985 work injury. Reproduced Record (R.R.) at 42a.

In December 1996, Employer filed a UR request of medical treatment Claimant received from Dr. Dennis Zaslow of Philadelphia.[1] Ultimately, utilization reviewer Mitchell E. Antin, D.O., issued a UR determination, concluding:

> The treatment provided by Dr. Zaslow, which includes all treatment provided from 9/25/96 and ongoing, is medically unreasonable and unnecessary. Dr. Zaslow is not providing any ongoing orthopedic care. Providing non-steroidal medication, anti-inflammatory medication, use of wrist splints, and home therapy does not warrant seeing an orthopedic surgeon on a monthly basis.
>
> Dr. Zaslows psychological input and advocacy on behalf of the patient is admirable, but medically unreasonable and unnecessary.

Supplemental Reproduced Record (S.R.R.) at 4a–5a. The utilization reviewer also noted Dr. Zaslow recognized Claimant "reached maxim[um] medical improvement, [and][h]er status is now plateaued and stationary." S.R.R. at 4a.

Claimant filed a petition for review of the UR determination, which was resolved by stipulation and adopted by WCJ Sarah Makin. The stipulation states, in relevant part:

> 3. The parties agree that the findings of Mitchell E. Antin, D.O., the utilization reviewer, shall be adopted with respect to Dr. Zaslow's treatment on or after September 25, 1996 with one exception.
>
> 4. [Employer] agrees that [C]laimant may visit Dr. Zaslow once per month from the present through July 15, 1997 for examination purposes only, not treat-

ment. The office visit will be paid for by [Employer] within the terms and limitations of Section 306(f) [of the Workers' Compensation Act (Act)[2]].

> 5. To the extent that Dr. Zaslow performs any treatment or tests other than examination, pre-authorization is required from [E]mployer or CIGNA Insurance Company.
>
> 6. In all other respects, the [UR] Determination, circulated December 19, 1996, a copy of which is attached is incorporated herein and adopted by the parties.

R.R. at 49a–50a.

Claimant treated with Dr. Zaslow from August 1994 through May 1997. Seven years later, in 2004, Claimant returned to Dr. Zaslow's office with the intention of obtaining treatment. Dr. Zaslow was no longer at that location; however, Dr. Lance Yarus was at Dr. Zaslow's former location. Dr. Yarus saw Claimant on two occasions and prescribed pain medication. Employer declined to pay for these visits based on the prior UR determination because the treatment rendered by Dr. Yarus was essentially the same as that rendered by Dr. Zaslow.

In October 2004, Claimant filed a Penalty Petition alleging Employer refused to pay for office visits pursuant to the Boards commutation order and WCJ Makin's decision. Claimant asserted she did not treat with Dr. Zaslow, but with another provider altogether who was not subject to the UR determination. Claimant sought a 50 percent penalty on all unpaid bills.

After reviewing the evidence, the WCJ denied Claimants penalty petition, stating:

---

1. Notably, Employer's UR request form is not included in the record.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531. This Section was amended by Act 44 of 1993 on July 2, 1993, and renumbered as Section 306(f.1)(1)(i), effective in 60 days.

7. The [UR] Determination was not *ad hominem*, but rather directed to the reasonableness and necessity of the treatment. I do not decide whether [Dr.] Yarus stepped into [Dr.] Zaslow's shoes, although a reasonable person could infer that. But he did render the same or similar treatment and [Employer's] decision not to pay was reasonable, sensible and understandable.

8. I do not find that [Employer's] refusal to pay was a violation of the Act.

WCJ Op., Findings of Fact Nos. 7–8. Claimant appealed to the Board, which affirmed, stating:

> After a careful review of the record, we have determined that the WCJ did not err in determining that [Employers] reliance on the UR Stipulation to justify its refusal to pay for the treatment provided by Dr. Yarus was reasonable. In the UR report, [the utilization reviewer] determined that all treatment by Dr. Zaslow from September 25, 1996 ongoing was not reasonable and necessary. Although [the utilization reviewer's] determination was altered by the UR Stipulation in that the parties agreed that Claimant's office visits with Dr. Zaslow once per month were reasonable and necessary until July 1997, [the utilization reviewers] determination was not altered in any other respect. Moreover, contrary to Claimant's implication, our [o]rder approving the commutation of Claimant's benefits, although acknowledging [Employer's] obligation for reasonable and necessary medical treatment related to Claimant's work injury, did not alter the prior determination that the treatment she received from

Dr. Zaslow was not reasonable and necessary.

> Therefore, when Claimant returned to the office in which Dr. Zaslow had treated her, [Employer] remained relieved of its obligation to pay for such treatment. We see no significance to the fact that Claimant was treated by Dr. Yarus rather than Dr. Zaslow. Dr. Zaslow and Dr. Yarus were both orthopedic surgeons and the treatment by Dr. Yarus, office visits, was essentially the same as the treatment of Dr. Zaslow that was found to be unreasonable and unnecessary. To require [Employer] to pay for treatment previously determined to be unreasonable and unnecessary, or to seek additional utilization review simply because Claimant switched doctors, would be unduly burdensome.

Bd. Op. at 5–6. This appeal by Claimant followed.

On appeal,[3] Claimant argues the Board erred in denying her penalty petition because Employer violated the Act by failing to pay reasonable and necessary medical expenses. She contends the prior UR determination only concerned Claimants treatment with Dr. Zaslow, not Dr. Yarus. Claimant asserts a UR determination is provider specific, and limited to treatment given by a provider, not treatment in general. *See Bucks County.* Absent a timely request for a UR of Dr. Yarus' treatment and given the lack of evidence showing such treatment is unrelated to the work injury, Claimant maintains, denial of her penalty petition was improper.

Employer responds Claimant's argument overlooks the important distinction between retrospective and prospective URs. It argues, by definition, a retrospec-

**3.** Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Minicozzi v. Workers' Comp. Appeal Bd. (Indus. Metal Plating, Inc.),* 873 A.2d 25 (Pa.Cmwlth.2005).

tive UR is limited to treatment rendered solely by the provider under review because the treatment is already rendered and the outcome of the UR will determine whether the provider is paid for the treatment. According to Employer, prospective URs, on the other hand, are not provider specific; rather, they merely determine what type of treatment is reasonable and necessary for a patient in the future. Employer contends prospective URs are treatment specific and contain no reference to a provider, but rather relate only to future treatment. It argues here the Board and the WCJ properly determined the UR determination applied to prospective treatment, whether rendered by Dr. Zaslow, or by another provider.

■■■ Where a claimant files a petition seeking an award of penalties, the claimant bears the burden of proving a violation of the Act occurred. *Sims v. Workers' Comp. Appeal Bd. (Sch. Dist. of Phila.)*, 928 A.2d 363 (Pa.Cmwlth.2007). Under Section 435(d)(i) of the Act,[4] a penalty of up to 50 percent of the compensation due may be assessed against an employer if there is a violation of the Act or its regulations. The WCJ has discretion to determine whether a penalty should be imposed and the amount of the penalty. *Galizia v. Workers' Comp. Appeal Bd. (Woodloch Pines, Inc.)*, 933 A.2d 146 (Pa.Cmwlth. 2007). As such, a WCJs penalty order should not be reversed on appeal absent an abuse of discretion. *Brenner v. Workers' Comp. Appeal Bd. (Drexel Indus.)*, 856 A.2d 213 (Pa.Cmwlth.2004), *appeal denied*, 583 Pa. 664, 875 A.2d 1076 (2005). Significantly, a claimant need not suffer economic harm before penalties may be imposed. *Hough v. Workers' Comp. Appeal Bd. (AC&T Cos.)*, 928 A.2d 1173 (Pa. Cmwlth.2007). Rather, penalties may be

imposed to ensure compliance with the Act. Id.

■■■ Section 306(f.1)(5) of the Act, 77 P.S. 531(5), requires payment of medical bills within 30 days. *Brenner.* Further, an employers unjustified and unilateral cessation of a claimant's medical benefits, without prior authorization, triggers Section 435's penalty provision. *McLaughlin v. Workers' Comp. Appeal Bd. (St. Francis Country House)*, 808 A.2d 285 (Pa.Cmwlth. 2002).

Section 306(f.1)(6)(i) of the Act sets forth procedures for resolving disputes as to reasonableness or necessity of treatment by a "health care provider." It states:

(6) Except in those cases in which a[WCJ] asks for an opinion from peer review under section 420, disputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions:

(i) The reasonableness or necessity of all treatment provided by a health care provider under this [A]ct may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer. The department shall authorize utilization review organizations to perform utilization review under this [A]ct. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review. Organizations not authorized by the department may not engage in such utilization review.

77 P.S. 531(6)(i).

Recently, in *Bucks County*, we interpreted this section as prohibiting an em-

---

4. 77 P.S. 991(d)(i). Added by the Act of February 8, 1972, P.L. 25.

ployer from using a UR review of one provider's treatment to include a review of treatment rendered by all of a claimant's providers regardless of which provider the employer identified in its utilization review form. In that case, the employer filed a UR request form seeking review of the reasonableness and necessity of all medical treatment provided to the claimant by Dr. Daniel Files, with the following notation "and all other providers under the same license specialty." *Id.* at 151. The utilization reviewer issued a report in which he determined the treatment provided to the claimant by Dr. Thomas Mercora, another doctor in the same medical practice as Dr. Files, was reasonable and necessary in part. Ultimately, this Court determined the UR report was invalid because it did not discuss the treatment provided by Dr. Files, the physician listed as the "provider under review" on the employer's UR request form. We stated:

> [The utilization reviewer's] report discussed and focused upon treatment rendered by Dr. Mercora, not by Dr. Files. While there is no question that a health care provider may be any "person, corporation, facility or institution licensed or otherwise authorized ... to provide health care services," *see* Section 109 of the Act, the fact remains that the burden throughout the utilization proceedings is on [the][e]mployer to prove that the challenged treatment rendered by the provider it sought to review (Dr. Files) was unreasonable and unnecessary. Because the WCJ found no evidence presented as to the treatment rendered by Dr. Files, nor any opinion by the reviewer as to the reasonableness or necessity of [this] treatment, the WCJ did not err in finding the reviewer's report to be invalid.

Moreover, Section 127.452(d) of the Bureau's regulations provides that "except as specified in subsection (e), *the provider under review* shall be the provider who rendered the treatment or service which is the subject of the UR request." [34 Pa.Code 127.452(d) ] (Emphasis added.) This language is unambiguous, and legislative amendment is necessary for the Court to rule as [the][e]mployer suggests, i.e., to allow a UR review of one provider's treatment to include a review of treatment rendered by all of the claimant's providers regardless of which provider was identified by [the][e]mployer in its [UR] request form.

*Id.* at 154.

Our holding in *Bucks County* applies with equal force here. Specifically, here, in a stipulation regarding Claimant's commutation, the parties agreed Employer remained responsible for reasonable and necessary medical expenses related to Claimant's work injury. R.R. at 42a. During this time, Employer filed a UR request in which it sought review of medical treatment rendered by one of Claimant's provider's, Dr. Zaslow. A utilization reviewer determined treatment rendered by Dr. Zaslow was unreasonable and unnecessary. Ultimately, the parties entered into a stipulation in which they adopted the UR determination, with the exception Claimant could visit Dr. Zaslow once a month for several months.

 Approximately seven years later, Claimant sought treatment from Dr. Yarus, which was similar to that provided by Dr. Zaslow. Relying on the prior UR determination, Employer refused to pay medical bills associated with Dr. Yarus' treatment. Despite the fact Employer remained responsible for reasonable and necessary medical expenses related to Claimant's work injury, Employer did not file a UR request seeking review of treatment rendered by Dr Yarus. Rather, it

unilaterally refused payment. Under *Bucks County*, Employer cannot refuse payment for treatment rendered by Dr. Yarus based on a prior UR determination concerning the reasonableness and necessity of treatment rendered by Dr. Zaslow. Rather, if employer wishes to challenge the reasonableness and necessity of Dr. Yarus' treatment, it must a file UR request to review that treatment.

Moreover, we reject Employer's bald assertion that the prior UR determination was prospective and, therefore, applicable to treatment rendered by Dr. Zaslow or any similar treatment rendered by another provider such as Dr. Yarus. Contrary to that contention, a review of the UR determination here reveals the only treatment under review was that rendered by Dr. Zaslow from September 1996 onward. S.R.R. at 2a–5a. Indeed, there is no indication in this record that Employer sought review of any provider other than Dr. Zaslow. As stated in *Bucks County*, "to allow a UR review of one providers treatment to include a review of treatment rendered by all of the claimant's providers regardless of which provider was identified by [the][e]mployer in its [UR] request form" is not permitted. *Id.* at 154. In addition, we reject Employer's unsupported argument that *Bucks County* applies only to retrospective, rather than prospective, URs. Contrary to this assertion, a careful review of *Bucks County* fails to disclose that this Court made any such distinction.

Here, because the WCJ determined Employer did not violate the Act by refusing to pay for medical treatment rendered by Dr. Yarus, he concluded an award of penalties was not warranted. In fairness, the WCJ lacked the benefit of our subsequent decision in *Bucks County*. Similarly, it is unclear whether the parties brought the recent decision to the attention of the Board. Under these circumstances, a re-mand is necessary so the WCJ may reconsider this case in light of *Bucks County*. Thus, we remand to the Board with instructions to remand to the WCJ for a determination of penalties, if any.

### ORDER

AND NOW, this 5th day of December, 2007, the Workers' Compensation Appeal Board's affirmance of the denial of the penalty petition is **VACATED** and this case is **REMANDED** for proceedings consistent with this opinion.

Jurisdiction is relinquished.