**MV TRANSPORTATION, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (HARRINGTON), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 30, 2009.

Decided Feb. 25, 2010.

David G. Greene, Philadelphia, for petitioner.

No appearance entered on behalf of respondent.

BEFORE: LEADBETTER, President Judge, and PELLEGRINI, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

MV Transportation (Employer) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) affirming a decision of a Workers' Compensation Judge (WCJ). The WCJ's decision contained several components, including the grant of disability benefits to Karen Harrington (Claimant) and a refusal to suspend her benefits. However, the only component considered by the Board on Employer's appeal was that part of the WCJ's decision holding that Employer's utilization review (UR) request applied only to the physical therapist named in the request and not to other physical therapists in the practice. The Board agreed with the WCJ that a separate UR request had to be filed for each physical therapist in the practice group who provided treatment to Claimant. Employer challenges this holding as beyond the requirements of Section 306(f.1)(6) of the Workers' Compensation Act.[1]

Claimant worked as a driver for Employer, a paratransit company that provides transportation services to disabled individuals. Typically, Claimant drove a 12–passenger van in her work. On May 25, 2006, while operating a van for Employer, Claimant's vehicle was rear-ended, causing her to sustain an aggravation of prior injuries to her neck and back. On June 19, 2006, Claimant filed a claim petition in which she alleged that she had been partially disabled from May 25, 2006, to June 13, 2006, and fully disabled from June 13, 2006, to the present.

On July 26, 2006, a hearing was held on the claim petition. On that same day, Employer filed an answer to the claim petition. Asserting that the answer was untimely filed, Claimant moved to have the allegations in her claim petition deemed admitted in accordance with *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board (Madara)*, 56 Pa. Cmwlth. 1, 423 A.2d 1125 (1981). The WCJ granted Claimant's *Yellow Freight* motion. As a result, Claimant was found to have established a work-related injury and entitlement to wage and medical benefits through July 17, 2006.[2]

On January 5, 2007, Employer requested utilization review of the physical therapy treatment that Claimant was receiving. Employer listed "Frank Shenko, LPT" as the "Provider Under Review." Reproduced Record at 16a (R.R.——). In the space designated for "Treatment to be Reviewed," Employer requested review of all

> [p]hysical therapy—passive and active treatment by any and all providers at this location or other locations of this provider from 10/3/06 through the present and into the future.

Hearings were conducted on that issue. Additionally, Employer filed a petition to suspend compensation benefits based upon a claim that light duty work was available. However, Claimant's refusal to accept light duty work occurred before the date of the late-filed answer and was not considered by the WCJ. The only issue on appeal is the WCJ's decision on the UR petition.

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(6). Section 306(f.1)(6) instructs how disputes concerning the reasonableness or necessity of treatment from a health care provider are to be resolved.

2. The WCJ also determined that Employer was entitled to conduct an independent medical examination (IME) of Claimant in order to rebut the presumption of ongoing disability.

R.R. 17a. Based on Employer's request, the Utilization Review Organization (URO) assigned the utilization review to Jill Galper, LPT.

Galper issued a UR determination that the treatment under review was not reasonable and necessary, along with a report explaining how she reached her determination. Galper's report stated that the treatment under review was limited to that provided by Frank Shenko and that "all other providers will not be commented on" because Employer did not properly request review of any other provider's treatment. R.R. 22a. Galper reported that Shenko declined to speak with her. Galper received only one of Shenko's physical therapy notes. That note reported that Claimant had received treatment, but it did not evaluate Claimant, the treatment goals or a plan for her care. No other physical therapy notes were available. Galper observed that there was no physician referral for physical therapy in the file. Further, Galper felt that Claimant's complaints should have resolved prior to October 3, 2006, the operative date of the UR, given the amount of physical therapy she had received prior to that date. For these reasons, Galper concluded that Shenko's physical therapy treatments were not reasonable and necessary.

Claimant filed a UR petition challenging Galper's determination. At the hearing on the UR petition, Galper's UR determination and report were entered into evidence. The WCJ concluded that Employer proved that Claimant's physical therapy sessions with Shenko were neither reasonable nor necessary. Therefore, Employer was not obligated to pay for treatment provided by

Shenko from October 3, 2006, onward. The WCJ rejected Employer's claim that this determination should be applied to other physical therapists who also treated Claimant.

◼ Employer appealed to the Board. Employer argued that the WCJ erred in finding that the UR determination was limited to one therapist, Shenko, and not other therapists at the same practice. The Board rejected this argument and affirmed the WCJ. Employer now petitions for this Court's review.[3]

◼ Employer argues that the Board erred as a matter of law in concluding that the UR request applied only to Shenko's treatment. Noting that all of the physical therapists in Shenko's facility operate under the supervision of the same physician and provide the same course of treatment, Employer argues that it should not be necessary to request a separate utilization review for each therapist in the practice. Employer points out that it would be cost prohibitive to request multiple utilization reviews; this one alone cost $770.

The UR request form advises the employer seeking a review of treatment to identify the provider by "individual, not a hospital, corporation or group." R.R. 16a. In *Bucks County Community College v. Workers' Compensation Appeal Board (Nemes, Jr.)*, 918 A.2d 150, 151 (Pa. Cmwlth.2007), an employer sought review of treatment provided by Daniel Files, D.O., "and all other providers under the same license & specialty." Based on the UR request, the utilization reviewer received information regarding Dr. Files and Dr. Thomas Mercora, another doctor under the same license and specialty as Dr.

---

**3.** This Court's review of an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *City of Philadelphia v. Workers' Compensation Appeal Board (Brown)*, 830 A.2d 649, 653 n. 2 (Pa.Cmwlth.2003).

Files. The utilization reviewer then provided a report which did not address the treatment provided by Dr. Files. Instead, the report focused on the treatment provided by Dr. Mercora.

The WCJ found that the report was invalid because the employer had sought review of Dr. Files' treatment and the report failed to address such treatment. The employer appealed to the Board, which affirmed the WCJ.

The employer then appealed to this Court. The employer argued that because both doctors were associates in the same practice and specialized in the same area of medicine, a review of one doctor's treatment should be deemed to constitute a review of the other doctor's treatment. The employer requested that this Court allow the review of multiple health care providers within one UR request form.

We rejected the employer's argument, concluding that a review of one provider's treatment could not be expanded to include a review of another provider's treatment. We noted that 34 Pa.Code § 127.452(d) limits the subject of a UR request to "the provider under review." *Id.* at 154. Therefore, the employer's request to expand review could only be achieved through legislative amendment.

We revisited this issue in *Schenck v. Workers' Compensation Appeal Board (Ford Electronics)*, 937 A.2d 1156 (Pa. Cmwlth.2007). In *Schenck* an employer refused to pay a claimant's medical bills based on a UR determination that similar treatment previously rendered by another provider was unreasonable and unnecessary. The claimant filed a penalty petition, which was denied by the WCJ.

The claimant appealed to the Board. The Board concluded that the treatment that the claimant received from her new orthopedic surgeon was essentially the same as the treatment that she had received from the orthopedic surgeon whose treatment was determined to be unreasonable and unnecessary. As such, the Board found that it would be unduly burdensome to require an employer to make additional UR requests whenever a claimant switched doctors.

The claimant then appealed to this Court, arguing that a UR determination is provider specific and that the Board erred in denying her penalty petition. We agreed, citing our holding in *Bucks County*, and concluding that it was improper to allow a UR determination of one provider to apply to treatment rendered by another provider. Thus, we remanded the action to the Board with instructions that it be remanded to the WCJ for a determination of penalties.

■ Here, the Board concluded that, based on our decisions in *Bucks County* and *Schenck*, a separate UR request must be made for each physical therapist who treats Claimant. The Board erred in this regard. *Bucks County* and *Schenck* are both distinguishable from the present case because they dealt with treatment provided by physicians who have the power to act independently of each other. However, physical therapy is a different matter. As Employer points out, the physical therapy in this case is prescribed by a physician and then carried out by physical therapists acting under the doctor's supervision. The claimant might see a different physical therapist at each of her physical therapy sessions. It is not reasonable to require an employer to name each individual physical therapist as a "provider" when seeking review of the reasonableness and necessity of the entire course of physical therapy the claimant is receiving. Further, it would make no sense to have different utilization reviewers separately reviewing the same course of physical

therapy, under the direction of the same physician, and potentially reaching different conclusions as to its reasonableness and necessity. Instead, when making a UR request for physical therapy prescribed by a doctor and administered in that doctor's facility under his or her supervision, the employer must name the doctor prescribing physical therapy and the facility where the claimant receives that therapy.[4]

Employer did not do so in this case. In its brief, Employer specifies that it sought review of physical therapy prescribed by Stephen Ficci, D.O. and performed by physical therapists at Olney Pain Management, a facility owned and operated by Dr. Ficci.[5] Unfortunately, Employer did not include this information in its UR request, which is the operative document for determining whose treatment was actually under review. Instead, Employer listed Shenko as the provider. As a result, the URO assigned the utilization review to Galper as an individual licensed in the same specialty as Shenko,[6] and Galper evaluated only his work. Nowhere did Employer list Dr. Ficci as even being involved in Claimant's treatment or Olney Pain Management as the facility where Claimant got physical therapy. Based on

the wording of Employer's UR request, Shenko was the only provider whose treatment was appropriately named for UR. Therefore, although we hold that Employer could have obtained review of Claimant's course of physical therapy without listing the name of each physical therapist, Employer failed to properly fill out its UR request to achieve that goal.

Accordingly, the order of the Board is affirmed.[7]

### ORDER

AND NOW, this 25th day of February, 2010, the order of the Workers' Compensation Appeal Board, dated April 15, 2009, in the above-captioned matter is hereby AFFIRMED.

---

4. We do not hold that an employer must always frame its UR request in this way, however, because it is conceivable that a situation could arise in which the employer might challenge the physical therapist's treatment rather than the doctor's prescription for physical therapy or in which the physical therapist acts with more independence.

5. Dr. Ficci testified that his treatment of Claimant included "physical therapy under the guidance of our licensed physical therapists." R.R. 128a. Claimant explained that she used to go for physical therapy three times a week, then she went twice a week, and now it is once a week. Claimant admitted that even after more than a year of treatment, the physical therapy was "not really"

helping her because she felt better for an hour and then went back to feeling the same amount of pain. R.R. 105a–106a. It is understandable, then, that Employer would wish to submit a UR request for this treatment.

6. Under 34 Pa.Code § 127.466, the URO must assign the UR to a reviewer "licensed by the Commonwealth in the same profession and having the same specialty as the provider under review."

7. This Court is permitted to affirm the order of the Board on different grounds, if the order is correct. *Wolf v. Workers' Compensation Appeal Board (County of Berks/Office of the Aging)*, 705 A.2d 483, 483 n. 1 (Pa.Cmwlth. 1997).