IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daisy Rodriguez, M.D.,                    :
                    Petitioner            :
                                          :
        v.                                :    No. 520 C.D. 2020
                                          :    Submitted: October 2, 2020
Workers' Compensation Appeal Board         :
(First Group America),                    :
                    Respondent            :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge[1]
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                         FILED: February 10, 2021

        Daisy Rodriguez, M.D. (Provider), petitions for review of an
adjudication of the Workers' Compensation Appeal Board (Board) holding that
certain treatments of Johnny Robbins (Claimant) for his work-related back injury
were unreasonable and unnecessary after January 2, 2018. In doing so, the Board
affirmed the decision of the Workers' Compensation Judge (WCJ) to sustain the
determination of the Utilization Review Organization that these treatments were not
reasonable or necessary. On appeal, Provider asserts that First Group America
(Employer) did not meet its burden of proof. We affirm.

        On September 22, 2017, Claimant, who works as a bus driver for
Employer, was involved in a motor vehicle accident that injured his back. Shortly
thereafter, Claimant began treating with Provider. Employer issued an amended

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt
completed her term as President Judge.

Notice of Temporary Compensation Payable (NTCP) describing the injury as a low back sprain or tear and a subsequent NTCP describing the injury as low back inflammation.

On February 5, 2018, Employer requested a utilization review of "any and all treatment including but not limited to [a]cupuncture, [c]upping, [m]oxibustion, [and c]runches"[2] provided to Claimant from January 2, 2018, and thereafter under Provider's prescription and supervision. Reproduced Record at 12a (R.R. __). On April 3, 2018, James C. Wasson, M.D., appointed by the Utilization Review Organization, issued a report on his review of Claimant's treatment. Dr. Wasson found that Provider's medications and monthly evaluations of Claimant were reasonable and necessary as of January 2, 2018, for six months thereafter. R.R. 14a. However, Dr. Wasson concluded that Claimant's acupuncture, chiropractic care, and physiatric care were not reasonable or necessary treatments as of January 2, 2018. Dr. Wasson explained that Claimant had received 62 separate acupuncture treatments and frequent physical therapy and chiropractic treatments, all of which "had limited if any long-term benefit." *Id.*

Provider filed a timely utilization review petition, and the WCJ conducted a *de novo* hearing. Employer, which had the burden of proof, submitted Dr. Wasson's Utilization Review (UR) Report and the independent medical evaluation (IME) of Christopher Selgrath, D.O., dated July 12, 2018, which found that "Claimant had full range of motion in his cervical and lumbar spine [and that his b]ilateral upper extremities had a normal examination." WCJ Determination,

---

[2] "Moxibustion is a form of acupuncture where a small, intense heat source is placed on certain acupuncture meridians in order to stimulate the flow of 'chi' (life energy)." WCJ Determination, 2/11/2019, at 7, Finding of Fact (F.F.) No. 7(f). Cupping is a procedure used to drain excess fluids and toxins. *Id.*, F.F. No. 7(g).

2

2/11/2019, at 5, F.F. No. 4(f). Dr. Selgrath opined that "Claimant was fully recovered from the work-related injury and required no further treatment." *Id.*, F.F. No. 4(g). Finally, Employer submitted Provider's physical capabilities evaluation of December 7, 2017, which released Claimant to sedentary work with restrictions.

In support of her review petition, Provider presented testimony from Claimant and documentary evidence. Claimant testified that he began treating with Provider within a week of his injury. At her office, he received acupuncture treatments and massage therapy, and performed stretching exercises. He also received chiropractic treatments to his lower back and neck. Claimant testified that he found the treatments helpful, explaining that they reduced his pain. When asked how the acupuncture helped, Claimant responded that "it helped [his] low back a lot and [his] neck," and the pain "was a lot lighter – milder by January[.]" Notes of Testimony, 9/26/2018, at 15; R.R. 34a.

Provider submitted her report into evidence, which stated that she is Claimant's "primary treating doctor" and that he continues to be under her care. Provider Report at 1; Certified Record (C.R.), Item No. 17, at 1. Claimant's current treatment plan consisted of chronic pain management and functional maintenance. Provider did not believe that a "cure or [even] significant improvement in function [were] reasonable expectations," given the severity of his condition. *Id.* She opined that the medications and therapies at issue were reasonable and necessary for the control of Claimant's moderate to severe pain.

The WCJ denied Provider's review petition. The WCJ credited Dr. Wasson's opinion that Claimant's chiropractic, acupuncture, and physiatric care were not reasonable or medically necessary after January 2, 2018. The WCJ found that Dr. Wasson's opinion was confirmed by the fact that Claimant ended these

treatments. The WCJ also credited Dr. Selgrath's opinion that Claimant did not need any further treatment as of July 12, 2018, the date of the IME.

The WCJ did not credit the testimony of Claimant where it differed from the opinions of Drs. Wasson and Selgrath. Claimant went back to work full time on November 6, 2017, and he did not testify to any difficulties doing the job, notwithstanding Provider's work restrictions. The WCJ did not credit Provider's opinion, noting that she recommended continued treatment even though Claimant had discontinued her recommended course of treatment on his own.

Provider appealed to the Board. She argued that Dr. Wasson's opinion suffered from legal defects that rendered at least part of it invalid. Specifically, Provider asserted that it was improper for Dr. Wasson to conclude that prescription medications and monthly evaluations would become unreasonable at a point six months in the future. Provider also argued that Dr. Wasson opined on treatment rendered by providers whose services were not under review and who have licensure and qualifications not held by Dr. Wasson.

The Board affirmed. It explained that because Claimant testified that he discontinued treating with Provider at the end of April 2018, the question of whether that treatment became unreasonable and unnecessary six months after January 2, 2018, was moot. With respect to Provider's challenge to Dr. Wasson's review of treatment by professionals not named in the utilization review request, the Board responded that Provider had prescribed these therapies and they were administered at her office. Further, Provider certified that these prescribed treatments were reasonable and necessary. The Board reasoned that if Provider was competent to prescribe and supervise acupuncture, moxibustion, cupping, and chiropractic treatment, then Dr. Wasson was competent to review that treatment and

4

determine whether it was reasonable and necessary. The Board concluded that the opinion of Dr. Wasson was substantial, competent evidence that supported the WCJ's decision denying Provider's petition.

Provider petitioned for this Court's review.[3] On appeal, Provider raises three issues. First, she argues that Employer's utilization review petition failed to identify the separately licensed acupuncturists and chiropractors, as required by 34 Pa. Code §127.452(d). Second, she argues that the WCJ erred in relying on Dr. Wasson's report because he was not a licensed acupuncturist or chiropractor. Third, she argues that the Board exceeded its scope of review by introducing issues not before it.

We begin with a review of the applicable law. Section 306(f.1)(6) of the Workers' Compensation Act[4] (Act) establishes the procedure for resolving disputes about whether treatment of a work injury is reasonable and necessary. It provides, in relevant part, as follows:

> (6) Except in those cases in which a workers' compensation judge asks for an opinion from peer review under section 420,[5] disputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions:
>
> > (i) The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or

---

[3] This Court reviews the Board's adjudication to determine whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated, or whether an error of law was committed. *MV Transportation v. Workers' Compensation Appeal Board (Harrington)*, 990 A.2d 118, 120 n.3 (Pa. Cmwlth. 2010).

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §531(6).

[5] 77 P.S. §§831, 832.

retrospective utilization review at the request of an employe, employer or insurer. The department shall authorize utilization review organizations to perform utilization review under this act. *Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review.* Organizations not authorized by the department may not engage in such utilization review.

\* \* \*

(iv) If the provider, employer, employe or insurer disagrees with the finding of the utilization review organization, a petition for review by the department must be filed within thirty (30) days after receipt of the report. The department shall assign the petition to a workers' compensation judge for a hearing or for an informal conference under section 402.1 [(relating to informal conference)].[6] The utilization review report shall be part of the record before the workers' compensation judge. The workers' compensation judge shall consider the utilization review report as evidence but shall not be bound by the report.

77 P.S. §531(6)(i), (iv) (emphasis added). The Bureau of Workers' Compensation has adopted a regulation on utilization review, which states, in relevant part, as follows:

(d) The request for UR shall identify the provider under review. Except as specified in subsection (e), the provider under review shall be the provider who rendered the treatment or service which is the subject of the UR request.

---

[6] Section 402.1 was added by the Act of June 24, 1996, P.L. 350, 77 P.S. §711.1.

6

> (e) When the treatment or service requested to be reviewed is anesthesia, incident to surgical procedures, diagnostic tests, prescriptions or durable medical equipment, the request for UR shall identify the provider who made the referral, ordered or prescribed the treatment or service as the provider under review.

34 Pa. Code §127.452(d), (e).

Provider argues that Section 127.452(d) required Employer to identify the separately licensed acupuncturists and chiropractors as the provider in its UR request. This is because Provider did not administer those treatments.

In *MV Transportation v. Workers' Compensation Appeal Board (Harrington)*, 990 A.2d 118 (Pa. Cmwlth. 2010), this Court considered whether a UR request had to be filed for each physical therapist in the practice group who had provided treatment to the claimant for work injuries to her neck and back. The employer's request for a UR of the claimant's physical therapy identified Frank Shenko, a licensed physical therapist, as the "Provider Under Review" and requested review of all "[p]hysical therapy – passive and active treatment by any and all providers at this location or other locations of this provider[.]" *Id*. at 119. The utilization review organization determined that the treatment under review was not reasonable and necessary, and the WCJ held that the employer did not have to pay for the treatment provided by Shenko. However, the WCJ rejected the employer's claim that this determination should be applied to other physical therapists who also treated the claimant. The Board affirmed.

The employer then appealed to this Court. We held that the employer did not have to identify each individual physical therapist as a separate "provider" when seeking review of a course of physical therapy treatment. *Id*. at 121-22. Likewise, it made little sense to request a separate review of each therapist providing treatment under the direction of the same physician. Accordingly, we concluded that

7

"when making a UR request for physical therapy prescribed by a doctor and administered in that doctor's facility under his or her supervision, the employer must name the doctor prescribing physical therapy and the facility where the claimant receives that therapy." *Id.*[7]

Here, Provider prescribed the challenged course of treatment, and the treatment was carried out by acupuncturists and chiropractors acting under Provider's supervision in her office. In her report, Provider stated that she examined Claimant "on a monthly basis" to determine if she "need[ed] to change any of his treatment." Provider Report at 1; C.R., Item No. 17, at 1. Provider stated that Claimant "require[d] supervised therapies to assure compliance" with her prescription for palliative care. *Id.*

*MV Transportation* dealt with one type of treatment – a course of physical therapy, whereas here we deal with a variety of treatments. Nevertheless, the logic of *MV Transportation* applies. Simply, Employer did not need to name each chiropractor and acupuncturist as the "provider" when seeking review of Claimant's course of treatment. This is consistent with 34 Pa. Code §127.452(e), which does not require that each provider be named in the UR request where a "prescription" for treatment or service is under review. Here, Provider not only prescribed but also supervised Claimant's entire treatment regime. Stated otherwise, Provider arguably "rendered" the "service which [wa]s the subject of the UR request." 34 Pa. Code §127.452(d).

In sum, because Provider supervised Claimant's entire treatment regime, it was not necessary for Employer to file UR requests for each provider of

---

[7] However, because employer did not identify either the doctor that prescribed the physical therapy or the facility where the claimant received the physical therapy, this Court affirmed the Board's decision.

8

treatment. By filing a UR request identifying Provider as the provider rendering the challenged treatments, Employer satisfied the requirements of 34 Pa. Code §127.452(d).

In her second issue, Provider argues that the WCJ erred in relying on Dr. Wasson's UR Report because he did not have the qualifications to render an opinion on treatment provided by licensed chiropractors and acupuncturists.

In *Leca v. Workers' Compensation Appeal Board (Philadelphia School District)*, 39 A.3d 631 (Pa. Cmwlth. 2012), the employer filed a UR request with respect to the claimant's ongoing chiropractic care, and it was found reasonable and necessary. The employer then filed a review petition. At the hearing before the WCJ, the employer offered the opinion of an orthopedic surgeon, who concluded that chiropractic treatment six days a week could not be justified given the lack of improvement in claimant. The WCJ granted the employer's petition, finding the reports of the employer's witnesses credible and persuasive. The Board affirmed the WCJ's decision, and the claimant appealed.

Before this Court, the claimant argued that the opinion of the employer's medical expert should not have been considered because he was an orthopedic surgeon and not a chiropractor. We rejected this argument, explaining that Section 306(f.1)(6)(i) of the Act applies only to the authorized utilization review organization that appoints the provider to do a review. There is no corresponding requirement where there is a challenge to the determination of the utilization review organization. We explained as follows:

> In the absence of such a requirement, we follow the general rule that a physician is competent to testify in specialized areas of medicine, even though the physician is neither a specialist, nor certified in those fields.

9

*Leca*, 39 A.3d at 636. Thus, the WCJ did not err in considering the opinion of an orthopedic surgeon when considering a challenge to the reasonableness of chiropractic treatment six days a week.

Here, Dr. Wasson is a medical doctor licensed in internal medicine, as is Provider. Section 306(f.1) of the Act provides that in a review of a UR determination, the WCJ is obligated to consider the report *as evidence* but is not bound by the report. 77 P.S. §531(6)(iv) (emphasis added).[8] Thus, the WCJ was authorized to consider the opinion of Dr. Wasson. The weight and credibility to be assigned Dr. Wasson's UR report, as with any other evidence, is for the fact-finder. *See Seamon v. Workers' Compensation Appeal Board (Sarno & Son Formals)*, 761 A.2d 1258, 1262 (Pa. Cmwlth. 2000) (decision on "weight and credibility of the UR evidence" belongs to the WCJ).

Employer met its burden, in part, by relying on Dr. Wasson's UR Report. The WCJ credited the opinions of Drs. Wasson and Selgrath in concluding that Employer met its burden of proving that the challenged treatment was not reasonable and necessary. We reject Provider's assertion that the WCJ could not rely on Dr. Wasson's UR Report.

In her final issue, Provider argues that the Board improperly introduced issues into the appeal. Specifically, Provider contends that because the WCJ did not address her challenge to the invalidity of Dr. Wasson's determination, the Board erred in addressing that issue.

A WCJ is "required to make crucial findings of fact on all essential issues necessary for review by the Board and this Court … , but is not required to

---

[8] Similarly, the Board's regulations provide that when a petition for review has been filed, the hearing before the WCJ is a *de novo* proceeding where the WCJ is required to consider the report *as evidence* but is not bound by it. *See* 34 Pa. Code §127.556.

10

address specifically each bit of evidence offered." *Pistella v. Workmen's Compensation Appeal Board (Samson Buick Body Shop)*, 633 A.2d 230, 234 (Pa. Cmwlth. 1993). "The WCJ must make credibility and weight of the evidence determinations regarding any irregularity or deficiency of the contested evidence." *Havenstrite v. Workers' Compensation Appeal Board (Tobyhanna State Park)*, 833 A.2d 1174, 1177 (Pa. Cmwlth. 2003) (quoting *Solomon v. Workers' Compensation Appeal Board (City of Philadelphia)*, 821 A.2d 215, 220 (Pa. Cmwlth. 2003)).

Before the Board, Provider challenged the validity of the UR determination, contending that the challenged treatments were performed by separately licensed professionals who were not under review and had different licensure and qualifications than the reviewing provider. The fact that the WCJ did not specifically address this legal argument did not preclude the Board from addressing that same argument on appeal, since Provider raised the argument. In any case, the WCJ made the credibility determinations necessary to his conclusion that the course of treatment prescribed by Provider to treat Claimant's work injury was not reasonable or necessary. As such, the Board did not exceed its scope of review by specifically addressing Provider's arguments about the invalidity of the UR determination.

For the foregoing reasons, we affirm the adjudication of the Board.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daisy Rodriguez, M.D.,                     :
                Petitioner        :
                                      :
                v.                   :    No. 520 C.D. 2020
                                        :
Workers' Compensation Appeal Board   :
(First Group America),                     :
                Respondent        :

# **O R D E R**

AND NOW, this 10th day of February, 2021, the adjudication of the Workers' Compensation Appeal Board dated May 5, 2020, in the above-captioned matter is AFFIRMED.

                                  _____

                                  MARY HANNAH LEAVITT, President Judge