IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Perez,                                    :
                              Petitioner       :
                                               :
            v.                                 :    No. 157 C.D. 2020
                                               :    Submitted: September 11, 2020
Workers' Compensation Appeal                   :
Board (City of Philadelphia Police             :
Department),                                   :
                              Respondent       :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge[1]
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: February 24, 2021

            Eric Perez (Claimant) petitions for review of an adjudication of the

Workers' Compensation Appeal Board (Board) holding that Claimant's chiropractic

treatment for his work injury was neither reasonable nor necessary as of September

7, 2011. In doing so, the Board affirmed the decision of the Workers' Compensation

Judge (WCJ) to deny Claimant's utilization review (UR) petition[2] that challenged

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

[2] Section 306(f.1)(6) of the Workers' Compensation Act provides for a utilization review process as follows:

> (6)   Except in those cases in which a workers' compensation judge asks for an opinion from peer review under section 420 [77 P.S. §831], disputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions:
>
>> (i)   The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective,

the UR determination obtained by the City of Philadelphia Police Department (Employer). Claimant asserts that the WCJ and the Board erred because a prior utilization review had found the chiropractic treatment to be reasonable and necessary. We affirm the Board.

On September 19, 2007, Claimant sustained an injury to his knee while training to be a police officer. Employer initially accepted Claimant's injury as a right knee strain in a Notice of Compensation Payable (NCP). Subsequently, WCJ Denise Krass, by decision and order dated February 8, 2013, granted Claimant's review petition to amend the accepted injury to include a partial thickness chondral

---

concurrent or retrospective utilization review at the request of an employe, employer or insurer. The [Department of Labor and Industry] shall authorize utilization review organizations to perform utilization review under this act. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review. Organizations not authorized by the department may not engage in such utilization review.

(ii) The utilization review organization shall issue a written report of its findings and conclusions within thirty (30) days of a request.

(iii) The employer or the insurer shall pay the cost of the utilization review.

(iv) If the provider, employer, employe or insurer disagrees with the finding of the utilization review organization, a petition for review by the department must be filed within thirty (30) days after receipt of the report. The department shall assign the petition to a workers' compensation judge for a hearing or for an informal conference under section 402.1 [77 P.S. §711.1]. The utilization review report shall be part of the record before the workers' compensation judge. The workers' compensation judge shall consider the utilization review report as evidence but shall not be bound by the report.

Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §531(6).

2

defect of the medial femoral condyle of the right knee. However, WCJ Krass denied Claimant's request to add a hip injury.

On September 29, 2014, Employer petitioned the Bureau of Workers' Compensation (Bureau) for utilization review of the treatment provided by Claimant's chiropractor, Stuart Himmelstein, D.C., from August 29, 2009, and ongoing. The Bureau assigned the UR petition to Uniontown Medical Rehabilitation PC, and Eric Auslander, D.C. conducted the review on November 12, 2014.

In performing his utilization review, Dr. Auslander reviewed Claimant's treatment records, spoke with Dr. Himmelstein, and obtained a written statement from Claimant. The treatment records showed that Claimant had 92 visits with Dr. Himmelstein during the period of November 21, 2008, through August 21, 2009, and an additional 435 visits from August 28, 2009, through May 28, 2014; throughout this period, 24 re-examinations were performed to assess Claimant's progress. The services provided included exercises, ultrasound imaging, manual therapy, and low-level cold laser treatments. No treatment plan was documented as of May 28, 2014, the last date of service. *See* Dr. Auslander UR Determination, 11/12/2014, at 4; Reproduced Record at 53a (R.R. __).[3] During their conversation about Claimant's treatment history, Dr. Himmelstein stated to Dr. Auslander that Claimant's "function and stability" had increased, but his right knee had worsened over the years. In his written statement, Claimant explained that the treatment he received "helps with range of motion." *Id.*

---

[3] In the reproduced record, Claimant did not follow his numbering with a small "a" as required by Pennsylvania Rule of Appellate Procedure Rule 2173. PA. R.A.P. 2173 (providing "the pages of … the reproduced record and any supplemental reproduced record shall be numbered separately in Arabic figures…. thus 1, 2, 3, *etc.*, followed in the reproduced record by a small a, thus la, 2a, 3a, *etc.*, and followed in any supplemental reproduced record by a small b, thus 1b, 2b, 3b…"). Our citations to the reproduced record in this opinion conform with Rule 2173.

3

Dr. Auslander explained in his report that, according to the standards provided by the American Physical Therapy Association's *Guide to Physical Therapist Practice*, a patient who is receiving treatment should experience a "decrease in symptoms as well as a decrease in the frequency of care." *Id.* at 6; R.R. 55a. In Claimant's case, the treatment and re-examinations provided beginning on August 29, 2009, gave Dr. Himmelstein and Claimant "ample treatment time" to determine the "efficacy of [the] - treatment" but exceeded the normal ranges for expected improvements. *Id.* at 5; R.R. 54a. Dr. Auslander concluded that Dr. Himmelstein's treatment from August 28, 2009, until September 7, 2011, was reasonable and necessary, but his treatment after September 7, 2011, was neither reasonable nor necessary.

On December 11, 2014, Claimant filed a petition for review seeking review of "any and all treatment" provided by Dr. Himmelstein from August 28, 2009, and ongoing. R.R. 50a. On May 29, 2015, Claimant filed a penalty petition alleging that Employer failed to pay the invoices submitted by Dr. Himmelstein.[4] On April 17, 2015, WCJ Lawrence Beck held a hearing on Claimant's petitions.

Regarding Employer's UR Determination, the WCJ accepted the following items into evidence: (1) Dr. Auslander's UR Determination; (2) Dr. Himmelstein's report, which included a UR Determination dated August 13, 2014, by William E. Saar, D.O., an American Osteopathic Board-Certified Orthopedic Surgeon, finding treatment rendered by Seth Krum, D.O., an orthopedic surgeon, to be reasonable and necessary; and (3) an affidavit submitted by Claimant. Transcript

---

[4] On June 8, 2015, WCJ Lawrence Beck approved a compromise and release agreement settling Employer's liability for indemnity and medical benefits for the work injury. The compromise and release agreement did not resolve Claimant's UR petition or penalty petition relating to the treatment provided by Dr. Himmelstein from August 28, 2009, and ongoing. Board Adjudication, 1/23/2020, at 2.

4

of Testimony (T.T.), 4/17/2015, at 6-8. On October 20, 2015, WCJ Beck issued an order denying Claimant's UR petition. On the same day, WCJ Beck issued a second order denying Claimant's penalty petition, which the Board affirmed by decision dated December 15, 2016.

> Regarding Claimant's UR petition, the WCJ explained as follows:

> This Judge has reviewed the evidence and finds the treatment of Dr. Himmelstein after September 7, 2011[,] to be neither reasonable nor necessary. In making this determination, while Claimant's belief that Dr. Himmelstein's treatment has helped him has some merit and is worthy of belief, this Judge finds Claimant's opinion to be outweighed by Dr. Auslander's findings. Dr. Auslander's report is accepted as credible. Dr. Auslander sufficiently and cogently explained his concerns regarding ongoing treatment given Claimant's documented lack of progress, both objectively and subjectively, especially given the overly extended therapy timeline and sheer number of treatment sessions. As such, Dr. Auslander's report is accepted as credible. Dr. Himmelstein's report is not credible and is rejected where it conflicts with the report of Dr. Auslander. Dr. Himmelstein did not directly address the concerns of Dr. Auslander regarding the extensive time frame of treatment and its departure from the American Physical Therapy Association's Guide to Physical Therapist Practice. As such, this Judge rejects the report of Dr. Himmelstein.

WCJ Decision, 10/20/2015, Finding of Fact, No. 4. WCJ Beck concluded that Employer met its burden of showing that the treatment provided by Dr. Himmelstein after September 7, 2011, was neither reasonable nor necessary and that Employer's contest was reasonable.

Claimant appealed the WCJ's decision to the Board. In its initial review, the Board discovered that the record was incomplete and remanded the case

5

to the WCJ to admit additional evidence. WCJ Beck admitted the missing documents and reaffirmed his decision. Claimant again appealed.

On January 23, 2020, the Board affirmed WCJ Beck's decision to deny Claimant's UR petition of Dr. Auslander's UR Determination. The Board rejected Claimant's assertions that the WCJ's findings relating to Dr. Himmelstein's treatment were not supported by substantial evidence and that his conclusions of law were erroneous. The Board summarized the evidence before WCJ Beck, noted his credibility determinations, and explained:

> The onus was on [Employer] in this proceeding…. Because the WCJ accepted the opinions of Dr. Auslander, [Employer] was able to establish that Claimant's treatment provided by Dr. Himmelstein is neither reasonable or necessary from September 7, 2011[,] and ongoing. This constitutes substantial evidence, sufficient in nature, to support the determination.

> Claimant's argument that the WCJ's [d]ecision is not supported by substantial, competent evidence is essentially an attack on the WCJ's credibility determinations. Because determining credibility is the quintessential function of the fact finder, we will not take the WCJ's obligation to explain his reasons for his credibility determination as a license to undermine his power by second guessing him….

Board Adjudication, 1/23/2020, at 8 (citations omitted).

The Board rejected Claimant's argument that Dr. Auslander's UR Determination was barred by the doctrine of *res judicata*, which encompasses both technical *res judicata* and collateral estoppel. More specifically, Claimant asserted that Dr. Saar's 2014 utilization review of Dr. Krum's treatment, which was attached to Dr. Himmelstein's report, established the reasonableness and necessity of Dr. Himmelstein's treatment. The Board rejected this assertion as not "factually accurate" because Dr. Saar's review involved

6

the narrow issue of whether a proposed medial unicompartmental arthroplasty, proposed by [Dr. Krum], was reasonable and necessary. Although the reviewing physician [Dr. Saar] mentioned that the treatment Claimant had received up to that time, which included physical therapy, was considered to be within the standards of care for the diagnosis at hand, *the ultimate conclusion of that UR Determination pertained only to the proposed medial unicompartmental arthroplasty to be performed by Dr. Krum*. The reasonableness and necessity of Dr. Himmelstein's treatment, particularly the physical therapy, was not at issue in the previous UR Determination, and thus cannot be barred by issue preclusion or res judicata.

Board Adjudication, 1/23/2020, at 9-10 (citations omitted) (emphasis added). Claimant petitioned for this Court's review.

On appeal, Claimant presents three issues.[5] First, he asserts that Dr. Auslander's UR Determination was improper because Dr. Himmelstein's treatment had been previously reviewed by Dr. Saar. Second, he asserts that the Board erred by refusing to review the February 8, 2013, decision of WCJ Krass that denied Claimant's request to add a hip injury to the NCP. Third, he asserts that the Board erred by affirming WCJ Beck's October 20, 2015, decision to deny Claimant's penalty petition.

In his first issue, Claimant asserts that the Board erred because Dr. Auslander's UR Determination was barred by Dr. Saar's previous UR Determination that Claimant's physical therapy was reasonable and necessary. Further, Dr. Saar's

---

[5] This Court reviews the Board's adjudication to determine whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated, or whether an error of law was committed. *MV Transportation v. Workers' Compensation Appeal Board (Harrington)*, 990 A.2d 118, 120 n.3 (Pa. Cmwlth. 2010).

UR Determination was not appealed. Claimant asserts that the doctrine of collateral estoppel[6] barred Employer's request for a second UR.

Dr. Saar reviewed a specific course of orthopedic care, *i.e.*, whether an arthroplasty to be performed by Dr. Krum was reasonable and necessary.[7] Dr. Saar UR Determination at 1; R.R. 89a. By contrast, Dr. Auslander's UR Determination related to chiropractic care, that is,

> the reasonableness and medical necessity of "any and all treatment including but not limited to: office visits, therapeutic modalities, therapeutic procedures, manual therapy, ultrasound

---

[6] Collateral estoppel, or issue preclusion, forecloses the relitigation of issues when the following criteria are met: (1) the issue decided in a prior action is identical to one presented in the later action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action; and (5) the determination in the prior proceeding was essential to the judgment. *Cohen v. Workers' Compensation Appeal Board (City of Philadelphia)*, 909 A.2d 1261, 1264 (Pa. 2006).

[7] Dr. Saar explained:

> The documentation is adequate to support the prospective treatment under review. There is imaging evidence of bone on bone degenerative changes in the medial compartment of the right knee and there is documentation of a failed response to the appropriate first line conservative treatments.

> The continued recommendation for right knee medial unicompartmental arthroplasty prospective from 6/27/[20]14, is medically reasonable and necessary.

> In this case, there is clear imaging support for the proposed unicompartmental right knee arthroplasty, bone on bone changes have been documented. [Claimant] has failed an adequate course of conservative care; however, he remains with persistent symptoms that, as suggested by the records, are impacting his daily function. The treatment rendered to present and the proposed unicompartmental arthroplasty all would be considered as within the standards of care for the diagnosis at hand.

> Based on the medical records review[ed], Dr. Krum's continued recommendations for unicompartmental arthroplasty appears to be very reasonable in this case and medically necessary.

Dr. Saar UR Determination at 3; R.R. 91a.

8

and massage" provided to [Claimant] by Stuart Himmelstein, DC, from 08/28/[20]09[,] and ongoing.

Dr. Auslander UR Determination at 1; R.R. 50a. In short, the two utilization reviews involved a different course of treatment provided by different providers in two different medical specialties.

Nevertheless, Claimant asserts that the term "reasonableness of care" has a broader meaning than the WCJ's analysis suggests. Claimant Brief at 8. In support, Claimant cites the Bureau's regulation, which states, in relevant part, as follows:

> (a) [Utilization Review Organizations] shall decide only the reasonableness or necessity of the treatment under review.
>
> (b) [Utilization Review Organizations] may not decide any of the following issues:
>
>> (1) The causal relationship between the treatment under review and the employe's work-related injury.
>>
>> (2) Whether the employe is still disabled.
>>
>> (3) Whether "maximum medical improvement" has been obtained.
>>
>> (4) Whether the provider performed the treatment under review as a result of an unlawful self-referral.
>>
>> (5) The reasonableness of the fees charged by the provider.
>>
>> (6) The appropriateness of the diagnostic or procedural codes used by the provider for billing purposes.

> (7) Other issues which do not directly relate to the reasonableness or necessity of the treatment under review.

34 Pa. Code §127.406. Claimant argues that Dr. Saar's inquiry into the reasonableness of Dr. Krum's treatment included a consideration of the physical therapy that had been provided by Dr. Himmelstein. Specifically, Dr. Saar stated that this physical therapy was "very reasonable and medically necessary" and, as a result, Dr. Auslander's subsequent utilization review was inappropriate. Claimant Brief at 8. We disagree with Claimant's characterization of Dr. Saar's UR report and of the regulation.

Dr. Saar mentioned the physical therapy provided by Dr. Himmelstein in the following context:

> [Claimant] has been treated previously with conservative measures in regard to unloader brace, pain medication, multiple injections, and physical therapy.
>
> Diagnosis: right knee medial compartment osteoarthritis[.]
>
> Treatment protocol in the form of injections, antiinflammatory medications, bracing, and *physical therapy* or a home exercise program *all would be considered as first line therapies for the diagnosis of osteoarthritis. If there was a failed response to the conservative measures, then surgical intervention in the form of a unicompartmental arthroplasty would be an appropriate treatment course.*

Dr. Saar UR Determination at 3 (emphasis added); R.R. 91a. In other words, Dr. Saar found physical therapy to be an appropriate first line treatment before surgical intervention. Dr. Saar did not opine on the reasonableness of the physical therapy itself. The issue presented to Dr. Saar was the "proposed medial unicompartmental arthroplasty." *Id.* Under the regulation, Dr. Saar was not permitted to review other

10

treatment, such as the physical therapy rendered by Dr. Himmelstein. *See* 34 Pa. Code §127.406 (stating "UROs *shall* decide *only* the reasonableness or necessity of the *treatment under review*") (emphasis added). We conclude that the Board did not err in rejecting Claimant's assertion of issue preclusion with respect to Dr. Auslander's UR Determination.

In his second issue, Claimant argues that the Board erred because it refused to review the February 8, 2013, decision of WCJ Krass rejecting Claimant's request to add a hip injury to the NCP. Claimant did not appeal the WCJ's February 8, 2013, decision, which was necessary to preserve this issue. PA. R.A.P. 1551 ("[o]nly questions raised before the government unit shall be heard or considered"); *See also Arnold v. Workers' Compensation Appeal Board (Baker Industries)*, 859 A.2d 866, 871 (Pa. Cmwlth. 2004) (holding that any issue not raised before the Board is waived and will not be heard by this Court on appeal). Because Claimant did not timely appeal WCJ Krass's decision to the Board, his issue regarding the hip injury is waived.

Finally, Claimant argues that the Board erred in affirming WCJ Beck's decision to deny his penalty petition.[8] Claimant explains that in 2014, WCJ Krass

---

[8] In support, Claimant relies on Section 440(a) of the Act, which provides:

> In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

Added by the Act of February 8, 1972, P.L. 25, 77 P.S. §996(a).

11

ordered Employer to pay Claimant's medical expenses, but Employer did not pay Dr. Himmelstein's bills for physical therapy from 2009 to 2015. Claimant Brief at 14. Claimant then filed his penalty petition. Claimant states:

> [i]t is undisputable [sic] on this record that [][E]mployer stopped benefits and was ordered to pay subject to a URO, which none [sic] was started until after the penalty petition. Under this circumstance then, the sole question before WCJ Beck in 2015 and the Board[] was whether the bills were properly document[ed] and not paid as the Act required.

*Id.* Although Claimant acknowledges in his petition for review that the Board's January 23, 2020, order did not address the "penalty issue," Claimant asks this Court to "reverse the Board and remand for the WCJ to enter penalties against [] [E]mployer." Claimant Brief at 21.

Claimant's argument is unavailing. His penalty petition for Employer's nonpayment of Dr. Himmelstein's bills for physical therapy proceeded on a separate track. WCJ Beck issued a separate order on October 20, 2015, denying the penalty petition, which Claimant then appealed. The Board affirmed that decision in an adjudication dated December 15, 2016, and Claimant did not appeal that adjudication to this Court.

It is well established that to obtain review of a determination of the Board, a claimant must file a petition for review of the Board's order with this Court within 30 days after entry of the order. PA. R.A.P. 1511, 1512. Claimant did not appeal the penalty petition decision within 30 days of the date of the Board's December 15, 2016, order. The only order before this Court is the Board's January 23, 2020, order relating to Claimant's challenge to Dr. Auslander's UR Determination. Therefore, Claimant's third issue relating to the penalty petition is waived.

12

For all of the above reasons, we affirm the Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Perez,                                    :
               Petitioner              :
                               :
        v.                                         :   No. 157 C.D. 2020
                               :
Workers' Compensation Appeal           :
Board (City of Philadelphia Police     :
Department),                           :
               Respondent               :

## **O R D E R**

AND NOW, this 24th day of February, 2021, the adjudication of the Workers' Compensation Appeal Board dated January 23, 2020, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge